# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

```
                                        FILED-CLERK
                                     U.S. DISTRICT COURT
MINERVA INDUSTRIES, INC.,
                                     2007 JUN -6  AM 9: 53
        Plaintiff,
                                     TX EASTERN-MARSHALL
        v.
                                     BY
```

|   |   |
|---|---|
| 1. | MOTOROLA, INC.; |
| 2. | NOKIA, INC.; |
| 3. | NOKIA MOBILE PHONES, INC.; |
| 4. | ALLTEL CORPORATION; |
| 5. | ALLTEL COMMUNICATIONS WIRELESS, INC.; |
| 6. | ALLTEL COMMUNICATIONS, INC.; |
| 7. | ALLTEL COMMUNICATIONS OF TEXARKANA, INC.; |
| 8. | ALLTEL WIRELESS OF TEXARKANA, LLC; |
| 9. | AT&T MOBILITY, LLC; |
| 10. | BOOST MOBILE; |
| 11. | DOBSON CELLULAR SYSTEMS D/B/A CELLULAR ONE; |
| 12. | HELIO, INC.; |
| 13. | HELIO, LLC; |
| 14. | HEWLETT-PACKARD COMPANY; |
| 15. | METROPCS, INC.; |
| 16. | METROPCS TEXAS, LLC; |
| 17. | METROPCS WIRELESS, INC.; |
| 18. | QWEST WIRELESS, LLC; |
| 19. | SOUTHERNLINC WIRELESS; |
| 20. | SPRINT NEXTEL CORPORATION; |
| 21. | SPRINT WIRELESS BROADBAND COMPANY, LLC; |
| 22. | SUNCOM WIRELESS OPERATING COMPANY, LLC; |
| 23. | T-MOBILE USA; |
| 24. | TRACFONE WIRELESS, INC.; |
| 25. | U.S. CELLULAR WIRELESS; |
| 26. | VERIZON COMMUNICATIONS INC.; |
| 27. | VERIZON WIRELESS SERVICES, LLC; |
| 28. | VIRGIN MOBIL USA, LLC; |
| 29. | HTC CORPORATION; |
| 30. | HTC AMERICA, INC.; |
| 31. | KYOCERA WIRELESS |

Civil Action No: **2 - 0 7 C V - 2 2 9**

The Honorable

**United States District Judge**

**JURY**

Dockets.Justia.com

CORPORATION;
32. KYOCERA AMERICA, INC.;
33. LG ELECTRONICS U.S.A., INC.;
34. LG ELECTRONICS MOBILECOMM
U.S.A., INC.;
35. PALM, INC.;
36. PANTECH WIRELESS, INC.;
37. SANYO NORTH AMERICA
CORPORATION; AND
38. UTSTARCOM, INC.,
39. SONY ERICSSON
COMMUNICATIONS (USA), INC.;
40. SAMSUNG AMERICA, INC.;
41. SAMSUNG ELECTRONICS AMERICA,
INC.;
42. SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC; and
43. SAMSUNG TELECOMMUNICATIONS
AMERICA, INC.

Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action for patent infringement in which Minerva Industries, Inc. ("Minerva") makes the following allegations against Motorola, Inc., Nokia, Inc., Nokia Mobile Phones, Inc., Alltel Corporation, Alltel Communications Wireless, Inc., Alltel Communications, Inc., Alltel Communications of Texarkana, Inc., Alltel Wireless of Texarkana, LLC, AT&T Mobility, LLC, Boost Mobile, Dobson Cellular Systems d/b/a Cellular One, Helio, Inc., Helio, LLC, Hewlett-Packard Company, MetroPCS, Inc., MetroPCS Texas, LLC, MetroPCS Wireless, Inc., Qwest Wireless, LLC, SouthernLinc Wireless, Sprint Nextel Corporation, Sprint Wireless Broadband Company, LLC, SunCom Wireless Operating Company, LLC, T-Mobile USA, TracFone Wireless, Inc., U.S. Cellular Wireless, Verizon Communications, Inc., Verizon Wireless Services, LLC, Virgin Mobil USA, LLC, HTC Corporation, HTC America, Inc., Kyocera Wireless Corporation, Kyocera America, Inc., LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A., Inc., Palm, Inc., Pantech Wireless, Inc., Sanyo North America

Corporation, UTStarcom, Inc., Sony Ericsson Mobile Communications (USA), Inc.; Samsung America, Inc., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Samsung Telecommunications America, Inc., (collectively, the "Defendants").

## PARTIES

1.      Plaintiff Minerva Industries, Inc. ("Minerva") is a California corporation with its principal place of business at 255 S. Grand Avenue, Suite 2004, Los Angeles, California 90012.

2.      On information and belief, defendant Motorola, Inc. ("Motorola") is a Delaware corporation with its principal place of business at 1303 East Algonquin Road, Schaumberg, Illinois, 60196-4010

3.      On information and belief, defendant Nokia, Inc. ("Nokia") is a Delaware corporation with its principal place of business at 6000 Connection Drive, Mail Drop 1-8-931, Irving, Texas

4.      On information and belief, defendant Nokia Mobile Phones, Inc. ("Nokia Mobile") is a Delaware corporation with its principal place of business at 6000 Connection Drive, Mail Drop 1-8-931, Irving, Texas.

5.      On information and belief, defendant Alltel Corporation ("Alltel") is a Delaware corporation with its principal place of business at One Allied Drive, Little Rock, Arkansas, 72203.

6.      On information and belief, defendant Alltel Communications Wireless, Inc. ("Alltel Communications Wireless") is a Delaware corporation with its principal place of business at One Allied Drive, Little Rock, Arkansas, 72203.

7.      On information and belief, defendant Alltel Communications, Inc. ("Alltel Communications") is a Delaware corporation with its principal place of business at One Allied Drive, Little Rock, Arkansas, 72203

8.      On information and belief, defendant Alltel Communications of Texarkana, Inc. ("Alltel Texarkana") is a Delaware corporation with its principal place of business at One Allied Drive, Little Rock, Arkansas.

9.      On information and belief, defendant Alltel Wireless of Texarkana, LLC ("Alltel Wireless") is a Limited Liability Company of unknown origin, with its principal place of business at 100 Century Park Drive, Monroe, Louisiana, 71203.

10.     On information and belief, defendant AT&T Mobility, LLC ("AT&T"), formerly named Cingular Wireless, LLC, is a Delaware Limited Liability Company and a wholly-owned subsidiary of AT&T, Inc., with its principal place of business at 5565 Glenridge Connector, Suite 150, Atlanta, GA 30342.

11.     On information and belief, defendant Boost Mobile ("Boost") is a Delaware corporation, with its principal place of business at 8845 Irvine Center Drive, Suite 200, Irvine, California, 92618.

12.     On information and belief, defendant Dobson Cellular Systems ("Dobson") is an Oklahoma corporation, with its principal place of business at 14201 Wireless Way, Oklahoma City, Oklahoma, 73134.

13.     On information and belief, defendant Helio, Inc. ("Helio, Inc.") is a Delaware corporation, with its principal place of business at 10960 Wilshire Boulevard, Suite 700, Los Angeles, California, 90024.

14.     On information and belief, defendant Helio, LLC ("Helio, LLC") is a Delaware corporation with its principal place of business at 10960 Wilshire Boulevard, Suite 700, Los Angeles, California, 90024.

15.     On information and belief, defendant Hewlett-Packard Company ("HP") is a Delaware corporation with its principal place of business at 3000 Hanover Street, Palo Alto, California, 94304.

16.     On information and belief, defendant MetroPCS, Inc. ("MetroPCS") is a Delaware corporation, with its principal place of business at 8144 Walnut Hill Lane, Suite 800, Dallas, Texas, 75231-4345.

17. On information and belief, defendant MetroPCS Texas, LLC ("MetroPCS Texas") is a Delaware corporation, with its principal place of business at 8144 Walnut Hill Lane, Suite 800, Dallas, Texas, 75231-4345.

18. On information and belief, defendant MetroPCS Wireless, Inc. ("MetroPCS Wireless") is a Delaware corporation, with its principal place of business at 8144 Walnut Hill Lane, Suite 800, Dallas, Texas, 75231-4345.

19. On information and belief, defendant Qwest Wireless, LLC ("Qwest") is a Delaware corporation, with its principal place of business at 1801 California Street, Suite 2540, Denver, CO 80202.

20. On information and belief, defendant SouthernLinc Wireless ("SouthernLinc") is a division of Southern Company, and is a Georgia corporation, with its principal place of business at 5555 Glenridge Connector Suite 500, Atlanta, Georgia, 30342.

21. On information and belief, defendant Sprint Nextel Corporation ("Sprint Nextel") is a Delaware corporation, with its principal place of business at 2001 Edmund Halley Drive, Reston, VA 20191.

22. On information and belief, defendant Sprint Wireless Broadband Company, LLC ("Sprint Wireless Broadband") is a Delaware corporation, with its principal place of business at 2001 Edmund Halley Drive, Reston, VA 20191.

23. On information and belief, defendant SunCom Wireless Operating Company, LLC, dba Suncom Wireless ("SunCom") is a Delaware corporation, with its principal place of business at 1100 Cassatt Road, Berwyn, Pennsylvania, 19312-1177.

24. On information and belief, defendant T-Mobile USA ("T-Mobile USA") is a Delaware corporation, with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006.

25. On information and belief, defendant TracFone Wireless, Inc. ("TracFone") is a Florida corporation, with its principal place of business at 8390 Northwest 25th Street, Miami, Florida, 33122.

26.    On information and belief, defendant U.S. Cellular Wireless ("U.S. Cellular") is a Delaware corporation, with its principal place of business at 8410 West Bryn Mawr, Suite 700, Chicago, Illinois, 60631.

27.    On information and belief, defendant Verizon Communications Inc. ("Verizon Communications") is a Delaware corporation with its principal place of business located at 140 West Street, New York, New York 10007.

28.    On information and belief, defendant Verizon Wireless Services, LLC ("Verizon Wireless Services") is a Delaware Limited Liability Company, with its principal place of business at One Verizon Place - Tax Department, Alphareta, Georgia, 30004.

29.    On information and belief, defendant Virgin Mobile USA, LLC ("Virgin USA") is a Delaware corporation, with its principal place of business at 10 Independence Boulevard, Warren, New Jersey, 07059.

30.    On information and belief, defendant HTC Corporation ("HTC") is a California corporation with its principal place of business at 360 Saint Andrews Lane, Half Moon Bay, California, 94019.

31.    On information and belief, defendant HTC America, Inc. ("HTC America") is a Texas corporation with its principal place of business at 5950 Corporate Drive, Houston, Texas, 77036-2306.

32.    On information and belief, defendant Kyocera Wireless Corporation ("Kyocera") is a Delaware corporation, with its principal place of business at 8611 Balboa Avenue, San Diego, California, 92123.

33.    On information and belief, defendant Kyocera America, Inc. ("Kyocera America") is a California corporation, with its principal place of business at 8611 Balboa Avenue, San Diego, California, 92123.

34.    On information and belief, defendant LG Electronics U.S.A., Inc. ("LG Electronics") is a Delaware corporation with its principal place of business located at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey, 07632.

35.    On information and belief, LG Electronics MobileComm U.S.A., Inc. ("LGEM")
is a division of LG, and is a California corporation with its principal place of business at 10225
Willow Creek Road, San Diego, California, 92131.

36.    On information and belief, defendant Palm, Inc. ("Palm") is a Delaware
corporation, with its principal place of business at 950 West Maude Avenue, Sunnyvale,
California, 94085.

37.    On information and belief, defendant Pantech Wireless, Inc. ("Pantech Wireless")
is a California corporation with its principal place of business located at 11240 Warland Drive,
Cypress, California, 90630.

38.    On information and belief, defendant Sanyo North America Corporation,
("Sanyo") is a Delaware corporation, with its principal place of business at 2001 Sanyo Avenue,
San Diego, California, 92154.

39.    On information and belief, defendant UTStarcom, Inc ("UTStarcom") is a
California corporation with its principal place of business at 1275 Harbor Bay Parkway, Suite
100, Alameda, California, 94502-6553.

40.    On information and belief, defendant Sony Ericsson Mobile Communications
(USA), Inc. ("Sony Ericsson Mobile") is a Delaware corporation, with its principal place of
business located at 7001 Development Drive, Research Triangle Park, North Carolina, 27709.

41.    On information and belief, defendant Samsung America, Inc. ("Samsung
America") is a New York corporation, with its corporate headquarters at 14251 East Firestone
Boulevard, La Mirada, California, 90638.

42.    On information and belief, defendant Samsung Electronics America, Inc.
("Samsung Electronics America") is a New York corporation, with its principal Place of business
at 105 Challenger Road, Ridgefield Park, New Jersey 75082.

43.    On information and belief, defendant Samsung Telecommunications America,
LLC ("Samsung LLC") is a Delaware Limited Liability Corporation with its principal place of
business at 1301 Lookout Drive, Richardson, Texas 75082.

44     On information and belief, defendant Samsung Telecommunications America, Inc. ("Samsung Inc.") is a Delaware Limited Liability Corporation with its principal place of business at 1301 Lookout Drive, Richardson, Texas 75082.

## JURISDICTION AND VENUE

45.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

46.     Venue is proper in this district under 28 U.S.C. §§1391 (b) and (c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and/or has committed and/or induced acts of patent infringement in this district.

47.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct/ and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,681,120

### (Against All Defendants)

48.     Minerva is owner by assignment of United States Patent No. 6,681,120 (the "'120 Patent") entitled "Mobile Entertainment and Communication Device." The '120 Patent issued on January 20, 2004. A true and correct copy of the '120 Patent is attached as Exhibit A.

49.     Ki Il Kim is listed as the inventor on the '120 Patent.

50.     Minerva is owner by assignment of United States Patent Application No. 10/719,363, Filed November 20, 2003 (the "'363 Application"), entitled "Mobile Entertainment and Communication Device," which is a Continuation Application of the application that issued

as the '120 Patent. The United States Patent Office has issued a Notice of Allowance of the pending claims in the '363 Application, and the Issue Fee has been paid. Minerva will amend this Complaint to add a Count based on the newly issued patent, as soon as it issues.

51.    Defendant Motorola has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Motorola is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271. Motorola has had actual notice of the '120 Patent since January 21, 2004.

52.    Defendant Nokia has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Nokia is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271. Nokia has had actual notice of the '120 Patent since at least January 20, 2004.

53.    Defendant Nokia Mobile has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Nokia Mobile is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

54.    Defendant Alltel has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices

covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Alltel is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

55. Defendant Alltel Communications Wireless has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Alltel Communications Wireless is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

56. Defendant Alltel Communications has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Alltel Communications is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

57. Defendant Alltel Texarkana has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Alltel Texarkana is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.X

58. Defendant Alltel Wireless has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication

devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Alltel Wireless is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

59.    Defendant AT&T has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant AT&T is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271

60.    Defendant Boost has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Boost is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

61.    Defendant Dobson has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Dobson is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

62.    Defendant Helio, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Helio, Inc. is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

63.     Defendant Helio, LLC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva.  Defendant Helio, LLC is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.  Helio has had actual notice of the '120 Patent since at least July 19, 2006.

64.     Defendant HP has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva.  Defendant HP is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

65.     Defendant MetroPCS has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva.  Defendant MetroPCS is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

66.     Defendant MetroPCS Texas has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva.  Defendant MetroPCS Texas is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

67.     Defendant MetroPCS Wireless has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant MetroPCS Wireless is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

68.     Defendant Qwest has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Qwest is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

69.     Defendant SouthernLinc has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant SouthernLinc is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

70.     Defendant Sprint Nextel has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Sprint Nextel is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

71.     Defendant Sprint Wireless Broadband has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Sprint Wireless Broadband is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C § 271.

72.    Defendant SunCom has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant SunCom is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

73.    Defendant T-Mobile USA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant T-Mobile USA is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C § 271.

74.    Defendant TracFone has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant TracFone is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

75.    Defendant U.S. Cellular has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication

devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant U.S. Cellular is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

76.    Defendant Verizon Communications has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Verizon Communications is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

77.    Defendant Verizon Wireless Services has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Verizon Wireless Services is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

78.    Defendant Virgin USA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Virgin USA is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

79.    Defendant HTC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant HTC is

thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271. HTC has had actual notice of the '120 Patent since at least October 18, 2006.

80.    Defendant HTC America has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant HTC America is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

81.    Defendant Kyocera has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Kyocera is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271. Kyocera has had actual notice of the '120 Patent since at least October 18, 2006.

82.    Defendant Kyocera America has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Kyocera America is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

83.    Defendant LG Electronics has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant

LG Electronics is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271. LG Electronics has had actual notice of the '120 Patent since at least January 20, 2004.

84.    Defendant LGEM has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant LGEM is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

85.    Defendant Palm has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Palm is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271. Palm has had actual notice of the '120 Patent since at least January 21, 2004.

86.    Defendant Pantech Wireless has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Pantech Wireless is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271. Defendant Pantech Wireless has had actual notice of the '120 patent since at least July 16, 2004.

87.    Defendant Sanyo has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication

devices covered by one or more claims of the '120 Patent to the injury of Minerva  Defendant Sanyo is thus liable for infringement of the '120 Patent pursuant to 35 U S C  § 271  Sanyo has had actual notice of the '120 Patent since at least January 20, 2004

88    Defendant UTStarcom has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva  Defendant UTStarcom is thus liable for infringement of the '120 Patent pursuant to 35 U S C  § 271  UTStarcom has had actual notice of the '120 Patent since at least July 19, 2006

89    Defendant Sony Ericsson Mobile has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva  Defendant Sony Ericsson Mobile is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C  § 271  Sony Ericsson has had actual notice of the '120 Patent since at least January 20, 2004

90    Defendant Samsung America has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva  Defendant Samsung America is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C  § 271

91    Defendant Samsung Electronics America has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Samsung Electronics America is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271. Samsung Electronics America has had actual notice of the '120 Patent since at least March 9, 2004.

92. Defendant Samsung, LLC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Samsung, LLC is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

93. Defendant Samsung, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '120 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication devices covered by one or more claims of the '120 Patent to the injury of Minerva. Defendant Samsung Inc. is thus liable for infringement of the '120 Patent pursuant to 35 U.S.C. § 271.

94. Defendants have actively induced and are actively inducing infringement of the '120 Patent and are liable for contributory infringement of the '120 Patent.

95. On information and belief, at least after the filing of the present Complaint, the Defendants have infringed and continue to willfully infringe the '120 Patent.

96. As a result of these Defendants' infringement of the '120 Patent, Minerva has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

97.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '120 Patent, Minerva will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Minerva respectfully requests that this Court enter:

1.     A judgment in favor of Minerva that Defendants Motorola, Inc., Nokia, Inc., Nokia Mobile Phones, Inc., Alltel Corporation, Alltel Communications Wireless, Inc., Alltel Communications, Inc., Alltel Communications of Texarkana, Inc., Alltel Wireless of Texarkana, LLC, AT&T Mobility, LLC, Boost Mobile, Dobson Cellular Systems d/b/a Cellular One, Helio, Inc., Helio, LLC, Hewlett-Packard Company, MetroPCS, Inc., MetroPCS Texas, LLC, MetroPCS Wireless, Inc., Qwest Wireless, LLC, SouthernLinc Wireless, Sprint Nextel Corporation, Sprint Wireless Broadband Company, LLC, SunCom Wireless Operating Company, LLC, T-Mobile USA, TracFone Wireless, Inc., U.S. Cellular Wireless, Verizon Communications, Inc., Verizon Wireless Services, LLC, Virgin Mobil USA, LLC, HTC Corporation, HTC America, Inc., Kyocera Wireless Corporation, Kyocera America, Inc., LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A., Inc., Palm, Inc., Pantech Wireless, Inc., Sanyo North America Corporation, UTStarcom, Inc., Sony Ericsson Mobile Communications (USA), Samsung America, Inc., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Samsung Telecommunications America, Inc. have infringed, directly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '120 Patent, and that such infringement was willful;

2.     A permanent injunction enjoining Defendants Motorola, Inc., Nokia, Inc., Nokia Mobile Phones, Inc., Alltel Corporation, Alltel Communications Wireless, Inc., Alltel Communications, Inc., Alltel Communications of Texarkana, Inc., Alltel Wireless of Texarkana, LLC, AT&T Mobility, LLC, Boost Mobile, Dobson Cellular Systems d/b/a Cellular One, Helio, Inc., Helio, LLC, Hewlett-Packard Company, MetroPCS, Inc., MetroPCS Texas, LLC, MetroPCS Wireless, Inc., Qwest Wireless, LLC, SouthernLinc Wireless, Sprint Nextel

Corporation, Sprint Wireless Broadband Company, LLC, SunCom Wireless Operating Company, LLC, T-Mobile USA, TracFone Wireless, Inc., U.S. Cellular Wireless, Verizon Communications, Inc., Verizon Wireless Services, LLC, Virgin Mobil USA, LLC, HTC Corporation, HTC America, Inc., Kyocera Wireless Corporation, Kyocera America, Inc., LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A., Inc., Palm, Inc., Pantech Wireless, Inc., Sanyo North America Corporation, UTStarcom, Inc., Sony Ericsson Mobile Communications (USA), Inc., Samsung America, Inc., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Samsung Telecommunications America, Inc and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringement, inducting the infringement of, or contributing to the infringement of the '120 Patent.

3    A judgment and order requiring Defendants Motorola, Inc., Nokia, Inc., Nokia Mobile Phones, Inc., Alltel Corporation, Alltel Communications Wireless, Inc., Alltel Communications, Inc., Alltel Communications of Texarkana, Inc., Alltel Wireless of Texarkana, LLC, AT&T Mobility, LLC, Boost Mobile, Dobson Cellular Systems d/b/a Cellular One, Helio, Inc., Helio, LLC, Hewlett-Packard Company, MetroPCS, Inc., MetroPCS Texas, LLC, MetroPCS Wireless, Inc., Qwest Wireless, LLC, SouthernLinc Wireless, Sprint Nextel Corporation, Sprint Wireless Broadband Company, LLC, SunCom Wireless Operating Company, LLC, T-Mobile USA, TracFone Wireless, Inc., U.S. Cellular Wireless, Verizon Communications, Inc., Verizon Wireless Services, LLC, Virgin Mobil USA, LLC, HTC Corporation, HTC America, Inc., Kyocera Wireless Corporation, Kyocera America, Inc., LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A., Inc., Palm, Inc., Pantech Wireless, Inc., Sanyo North America Corporation, UTStarcom, Inc., Sony Ericsson Mobile Communications (USA), Inc., Samsung America, Inc., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Samsung Telecommunications America, Inc.

to pay Minerva its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '120 Patent as provided under 35 U.S.C. §§ 284

4.　　An award to Minerva for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. §284;

5.　　A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. §285 and awarding to Minerva its reasonable attorneys' fees; and

6.　　Any and all other relief to which Minerva may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: June 6, 2007                    Respectfully submitted,

By: _____
Otis W. Carroll, Attorney-In-Charge
State Bar No. 03895700
Collin Maloney
State Bar No. 00794219
Ireland Carroll & Kelley, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

Franklin Jones Jr.
State Bar No. 00000055
Jones & Jones, Inc., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 65671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360

S. Calvin Capshaw
State Bar No. 0378390
Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999

Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Attorneys for Plaintiff
Minerva Industries, Inc.

Of Counsel:

RUSS, AUGUST & KABAT
Marc A. Fenster (California Bar No. 181067)
E-mail: mfenster@raklaw.com
David R. Gabor (California Bar No. 145729)
E-mail: dgabor@raklaw.com
Irene Y. Lee (California Bar No. 213625)
E-mail: ilee@raklaw.com
Robert E. Satterthwaite (California Bar No. 223767)
E-mail: rsatterthwaite@raklaw.com
12424 Wilshire Blvd., 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991