UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | § | |
|---|---|---|
| MINERVA INDUSTRIES, INC., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | Civil Action No. 2:07-CV-229 |
| v. | § | |
| | § | The Honorable Judge John T. Ward |
| MOTOROLA, INC., *et. al.* | § | |
| | § | |
| Defendants | § | |
| | § | |
| | § | |

**DEFENDANT SANYO NORTH AMERICA COPORATION'S**
**ANSWER TO COMPLAINT**

Now comes Sanyo North America Corporation ("SANYO"), by and through its attorneys and for its Answer to Plaintiff's Complaint, states as follows:

**PARTIES**

1.      SANYO lacks information sufficient to form a belief as to the allegations of paragraph 1, and on that basis denies the allegations.

2.      SANYO lacks information sufficient to form a belief as to the allegations of paragraph 2, and on that basis denies the allegations.

3.      SANYO lacks information sufficient to form a belief as to the allegations of paragraph 3, and on that basis denies the allegations.

4.      SANYO lacks information sufficient to form a belief as to the allegations of paragraph 4, and on that basis denies the allegations.

5.      SANYO lacks information sufficient to form a belief as to the allegations of paragraph 5, and on that basis denies the allegations.

6.      SANYO lacks information sufficient to form a belief as to the allegations of

Dockets.Justia.com

paragraph 6, and on that basis denies the allegations.

7.      SANYO lacks information sufficient to form a belief as to the allegations of paragraph 7, and on that basis denies the allegations.

8.      SANYO lacks information sufficient to form a belief as to the allegations of paragraph 8, and on that basis denies the allegations.

9.      SANYO lacks information sufficient to form a belief as to the allegations of paragraph 9, and on that basis denies the allegations.

10.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 10, and on that basis denies the allegations.

11.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 11, and on that basis denies the allegations.

12.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 12, and on that basis denies the allegations.

13.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 13, and on that basis denies the allegations.

14.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 14, and on that basis denies the allegations.

15.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 15, and on that basis denies the allegations.

16.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 16, and on that basis denies the allegations.

17.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 17, and on that basis denies the allegations.

18.     SANYO lacks information sufficient to form a belief as to the allegations of

paragraph 18, and on that basis denies the allegations.

19.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 19, and on that basis denies the allegations.

20.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 20, and on that basis denies the allegations.

21.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 21, and on that basis denies the allegations.

22.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 22, and on that basis denies the allegations.

23.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 23, and on that basis denies the allegations.

24.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 24, and on that basis denies the allegations.

25.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 25, and on that basis denies the allegations.

26.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 26, and on that basis denies the allegations.

27.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 27, and on that basis denies the allegations.

28.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 28, and on that basis denies the allegations.

29.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 29, and on that basis denies the allegations.

30.     SANYO lacks information sufficient to form a belief as to the allegations of

paragraph 30, and on that basis denies the allegations.

     31.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 31, and on that basis denies the allegations.

     32.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 32, and on that basis denies the allegations.

     33.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 33, and on that basis denies the allegations.

     34.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 34, and on that basis denies the allegations.

     35.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 35, and on that basis denies the allegations.

     36.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 36, and on that basis denies the allegations.

     37.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 37, and on that basis denies the allegations.

     38.     SANYO denies the allegations of paragraph 38.  Sanyo North America Corporation is a Delaware corporation with its principal place of business at 2055 Sanyo Avenue, San Diego, California, 92154.

     39.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 39, and on that basis denies the allegations.

     40.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 40, and on that basis denies the allegations.

     41.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 41, and on that basis denies the allegations.

42.    SANYO lacks information sufficient to form a belief as to the allegations of paragraph 42, and on that basis denies the allegations.

43.    SANYO lacks information sufficient to form a belief as to the allegations of paragraph 43, and on that basis denies the allegations.

44.    SANYO lacks information sufficient to form a belief as to the allegations of paragraph 44, and on that basis denies the allegations.

## JURISDICTION AND VENUE

45.    SANYO admits that Minerva Industries, Inc. ("Minerva" or "Plaintiff") alleges that this action arises under the patent laws of the United States, Title 35 of the United States Code.  SANYO denies that Plaintiff states a claim for which relief can be granted arising under Title 35 of the United States Code.  SANYO admits that subject matter jurisdiction exists under 28 U.S.C. § § 1331 and 1338(a).

46.    SANYO admits that to the extent this allegation relates to SANYO, venue exists in this Court.  Except as admitted, the allegations of paragraph 46 of the Complaint, including, but not limited to, the allegation that SANYO has committed and/or induced acts of patent infringement in this district, are denied.   SANYO lacks information sufficient to form a belief as to the allegations of paragraph 46 as these allegations relate to the other named defendants, and on that basis denies the allegations.

47.    SANYO admits that it is subject to this Court's specific and general personal jurisdiction.  SANYO denies the remaining allegations of paragraph 47 of the Complaint, including but not limited to any assertion that SANYO infringes or has infringed any valid claim of  the '120 patent.  SANYO lacks information sufficient to form a belief as to the allegations of paragraph 47 to the extent these allegations relate to the other named defendants, and on that basis denies the allegations.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,681,120

48.    SANYO admits that the U.S. Patent No. 6,681,120 ("the '120 patent") is entitled "Mobile Entertainment and Communication Device," that according to the face of the '120 patent, Minerva Industries, Inc. is the owner of the '120 patent by assignment, that the '120 patent was issued by the United States Patent Office on January 20, 2004, and that a copy of at least a portion of the '120 patent was attached to a copy of the Complaint as Exhibit A.  Except as admitted above, SANYO otherwise denies the allegations of paragraph 48.

49.    SANYO admits that the only name listed as "inventor" on the face of the '120 patent is Ki Il Kim.

50.    SANYO lacks information sufficient to form a belief as to the allegations of paragraph 50, and on that basis denies the allegations.

51.    SANYO lacks information sufficient to form a belief as to the allegations of paragraph 51, and on that basis denies the allegations.

52.    SANYO lacks information sufficient to form a belief as to the allegations of paragraph 52, and on that basis denies the allegations.

53.    SANYO lacks information sufficient to form a belief as to the allegations of paragraph 53, and on that basis denies the allegations.

54.    SANYO lacks information sufficient to form a belief as to the allegations of paragraph 54, and on that basis denies the allegations.

55.    SANYO lacks information sufficient to form a belief as to the allegations of paragraph 55, and on that basis denies the allegations.

56.    SANYO lacks information sufficient to form a belief as to the allegations of

paragraph 56, and on that basis denies the allegations.

57.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 57, and on that basis denies the allegations.

58.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 58, and on that basis denies the allegations.

59.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 59, and on that basis denies the allegations.

60.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 60, and on that basis denies the allegations.

61.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 61, and on that basis denies the allegations.

62.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 62, and on that basis denies the allegations.

63.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 63, and on that basis denies the allegations.

64.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 64, and on that basis denies the allegations.

65.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 65, and on that basis denies the allegations.

66.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 66, and on that basis denies the allegations.

67.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 67, and on that basis denies the allegations.

68.     SANYO lacks information sufficient to form a belief as to the allegations of

paragraph 68, and on that basis denies the allegations.

69.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 69, and on that basis denies the allegations.

70.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 70, and on that basis denies the allegations.

71.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 71, and on that basis denies the allegations.

72.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 72, and on that basis denies the allegations.

73.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 73, and on that basis denies the allegations.

74.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 74, and on that basis denies the allegations.

75.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 75, and on that basis denies the allegations.

76.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 76, and on that basis denies the allegations.

77.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 77, and on that basis denies the allegations.

78.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 78, and on that basis denies the allegations.

79.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 79, and on that basis denies the allegations.

80.     SANYO lacks information sufficient to form a belief as to the allegations of

paragraph 80, and on that basis denies the allegations.

81.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 81, and on that basis denies the allegations.

82.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 82, and on that basis denies the allegations.

83.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 83, and on that basis denies the allegations.

84.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 84, and on that basis denies the allegations.

85.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 85, and on that basis denies the allegations.

86.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 86, and on that basis denies the allegations.

87.     SANYO denies each and every allegation of paragraph 87.

88.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 88, and on that basis denies the allegations.

89.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 89, and on that basis denies the allegations.

90.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 90, and on that basis denies the allegations.

91.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 91, and on that basis denies the allegations.

92.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 92, and on that basis denies the allegations.

93.     SANYO lacks information sufficient to form a belief as to the allegations of paragraph 93, and on that basis denies the allegations.

94.     SANYO denies each and every allegation of paragraph 94 to the extent these allegations relate to SANYO.  SANYO lacks information sufficient to form a belief as to the allegations of paragraph 94 to the extent these allegations relate to the other named defendants, and on that basis denies the allegations.

95.     SANYO denies each and every allegation of paragraph 95 to the extent these allegations relate to SANYO.  SANYO lacks information sufficient to form a belief as to the allegations of paragraph 95 to the extent these allegations relate to the other named defendants, and on that basis denies the allegations.

96.     SANYO denies each and every allegation of paragraph 96 to the extent these allegations relate to SANYO.  SANYO lacks information sufficient to form a belief as to the allegations of paragraph 96 to the extent these allegations relate to the other named defendants, and on that basis denies the allegations.

97.     SANYO denies each and every allegation of paragraph 97 to the extent these allegations relate to SANYO.  SANYO lacks information sufficient to form a belief as to the allegations of paragraph 97 to the extent these allegations relate to the other named defendants, and on that basis denies the allegations.

## **Affirmative Defenses**

### First Affirmative Defense

98.     The Complaint fails to allege facts sufficient to state a cause of action and fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

99.     The claims and parties in this action are improperly joined under Rule 20 of the

Federal Rules of Civil Procedure because there are questions of law or fact that are not common to all of the defendants, and the Complaint should be dismissed or, in the alternative, its claims against SANYO should be severed for trial.

Third Affirmative Defense

100.    Damages based upon Plaintiff's allegations of infringement of the '120 patent are barred by 35 U.S.C. § 286 to the extent it seeks any recovery for any alleged infringing acts that occurred more than six years before the filing of the Complaint.

Fourth Affirmative Defense

101.    Plaintiff's allegations of infringement relating to the '120 patent are barred by the doctrine of laches.

Fifth Affirmative Defense

102.    Claims of the '120 patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103 and 112, and/or one or more of the requirements of Title 37 of the Code of Federal Regulations, including 37 C.F.R. §§1.1 *et seq*.

Sixth Affirmative Defense

103.    SANYO has not infringed any claim of the '120 patent.

104.    SANYO reserves the right to amend its Answer and/or Affirmative Defenses to assert further defenses based on discovery or other knowledge acquired in the lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, SANYO prays for a judgment that:

A.    The Complaint filed by Minerva be dismissed it its entirety with prejudice;

B.    Minerva is not entitled to the relief prayed for in its Complaint or to any relief whatsoever;

C.     U.S. Patent No. 6,681,120 has not been infringed by SANYO or by any person using SANYO's products in this judicial district or anywhere in the United States;

D.     U.S. Patent No. 6,681,120 and each and every claim thereof are invalid.

E.     No damages or royalties are due or owing by SANYO for any of the acts alleged by Minerva in its Complaint.

F.     This case is an exceptional case and that SANYO is awarded its costs (including expert fees), disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

G.     SANYO is entitled to any award of its costs, expenses and attorney fees and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  January 7, 2008

/s/ John M. Cone _____
John M. Cone
Texas State Bar No. 04660100
HITCHCOCK EVERT LLP
750 North St. Paul Street
Dallas, TX  75201
Tel: 214.880.7002
Fax: 214.953.1121
Email: jcone@hitchcockevert.com

Timothy J. Vezeau
Michael A. Dorfman
Rachel M. Vorbeck
Breighanne A. Eggert
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Tel:  312.902.5200

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 7th day of January, 2008. Any other counsel of record will be served by first class mail.

/s/ John M. Cone
John M. Cone