UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

MINERVA INDUSTRIES, INC.,

        *Plaintiff,*

vs.

MOTOROLA, INC., ET AL.,

        *Defendants.*

C.A. No. 2:07-CV-229 TJW

JURY TRIAL DEMANDED

## ANSWER TO COMPLAINT

In response to Plaintiff Minerva Industries, Inc.'s ("Minerva") Complaint filed June 6, 2007, concerning U.S. Patent No. 6,681,120 ("'120 Patent") Defendant UTStarcom, Inc. ("UTStarcom") answers as follows:

### **Parties**

1.    UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 and therefore denies each and every allegation contained therein.

2.    UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2 and therefore denies each and every allegation contained therein.

3.    UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3 and therefore denies each and every allegation contained therein.

4.    UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4 and therefore denies each and every allegation contained therein.

5.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 5 and therefore denies each and every allegation contained therein.

6.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6 and therefore denies each and every allegation contained therein.

7.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7 and therefore denies each and every allegation contained therein.

8.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8 and therefore denies each and every allegation contained therein.

9.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9 and therefore denies each and every allegation contained therein.

10.    UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 and therefore denies each and every allegation contained therein.

11.    UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11 and therefore denies each and every allegation contained therein.

12.    UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12 and therefore denies each and every allegation contained therein.

13. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13 and therefore denies each and every allegation contained therein.

14. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14 and therefore denies each and every allegation contained therein.

15. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15 and therefore denies each and every allegation contained therein.

16. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 16 and therefore denies each and every allegation contained therein.

17. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 17 and therefore denies each and every allegation contained therein.

18. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 18 and therefore denies each and every allegation contained therein.

19. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19 and therefore denies each and every allegation contained therein.

20. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20 and therefore denies each and every allegation contained therein.

21. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21 and therefore denies each and every allegation contained therein.

22. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22 and therefore denies each and every allegation contained therein.

23. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23 and therefore denies each and every allegation contained therein.

24. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 24 and therefore denies each and every allegation contained therein.

25. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 25 and therefore denies each and every allegation contained therein.

26. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 26 and therefore denies each and every allegation contained therein.

27. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 27 and therefore denies each and every allegation contained therein.

28. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 28 and therefore denies each and every allegation contained therein.

29. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 29 and therefore denies each and every allegation contained therein.

30. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 30 and therefore denies each and every allegation contained therein.

31. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31 and therefore denies each and every allegation contained therein.

32. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 32 and therefore denies each and every allegation contained therein.

33. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 33 and therefore denies each and every allegation contained therein.

34. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 34 and therefore denies each and every allegation contained therein.

35. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 35 and therefore denies each and every allegation contained therein.

36. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 36 and therefore denies each and every allegation contained therein.

37. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 37 and therefore denies each and every allegation contained therein.

38. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 38 and therefore denies each and every allegation contained therein.

39. Denied that UTStarcom is a California corporation; UTStarcom is incorporated in Delaware. Admitted that UTStarcom's principal place of business is 1275 Harbor Bay Parkway, Alameda, California 94502.

40. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 40 and therefore denies each and every allegation contained therein.

41. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 41 and therefore denies each and every allegation contained therein.

42. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 42 and therefore denies each and every allegation contained therein.

43. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 43 and therefore denies each and every allegation contained therein.

44. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 44 and therefore denies each and every allegation contained therein.

## Jurisdiction and Venue

45. Admitted.

46. The allegation that venue is proper in this district is a legal conclusion that does not require a response. UTStarcom denies that it has a regular and established place of business in this Judicial District, denies that it has transacted business in this Judicial District, and denies that it has committed and/or induced any act of patent infringement in this Judicial District. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning other defendants in this action and therefore denies each and every one of the remaining allegations in paragraph 46.

47. The allegation that Defendants are subject to this Court's specific and general personal jurisdiction is a legal conclusion that does not require a response. UTStarcom admits that it derives substantial revenue from goods and services provided to individuals in Texas and in this Judicial District, but denies the remaining factual allegations concerning UTStarcom in paragraph 47. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning other defendants in this action and therefore denies each and every allegation concerning such parties.

## Count 1: Infringement of U.S. Patent No. 6,681,120

48. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 48 and therefore denies each and every allegation contained therein.

49. Admitted that Ki Il Kim is listed as the inventor on the '120 Patent. UTStarcom lacks sufficient knowledge or information to form a belief as to the true inventor of the '120 Patent.

50.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 50 and therefore denies each and every allegation contained therein.

51.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 51 and therefore denies each and every allegation contained therein.

52.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 52 and therefore denies each and every allegation contained therein.

53.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 53 and therefore denies each and every allegation contained therein.

54.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 54 and therefore denies each and every allegation contained therein.

55.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 55 and therefore denies each and every allegation contained therein.

56.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 56 and therefore denies each and every allegation contained therein.

57.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 57 and therefore denies each and every allegation contained therein.

58. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 58 and therefore denies each and every allegation contained therein.

59. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 59 and therefore denies each and every allegation contained therein.

60. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 60 and therefore denies each and every allegation contained therein.

61. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 61 and therefore denies each and every allegation contained therein.

62. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 62 and therefore denies each and every allegation contained therein.

63. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 63 and therefore denies each and every allegation contained therein.

64. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 64 and therefore denies each and every allegation contained therein.

65. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 65 and therefore denies each and every allegation contained therein.

66. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 66 and therefore denies each and every allegation contained therein.

67. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 67 and therefore denies each and every allegation contained therein.

68. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 68 and therefore denies each and every allegation contained therein.

69. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 69 and therefore denies each and every allegation contained therein.

70. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 70 and therefore denies each and every allegation contained therein.

71. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 71 and therefore denies each and every allegation contained therein.

72. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 72 and therefore denies each and every allegation contained therein.

73. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 73 and therefore denies each and every allegation contained therein.

74. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 74 and therefore denies each and every allegation contained therein.

75. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 75 and therefore denies each and every allegation contained therein.

76. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 76 and therefore denies each and every allegation contained therein.

77. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 77 and therefore denies each and every allegation contained therein.

78. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 78 and therefore denies each and every allegation contained therein.

79. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 79 and therefore denies each and every allegation contained therein.

80. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 80 and therefore denies each and every allegation contained therein.

81. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 81 and therefore denies each and every allegation contained therein.

82. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 82 and therefore denies each and every allegation contained therein.

83. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 83 and therefore denies each and every allegation contained therein.

84. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 84 and therefore denies each and every allegation contained therein.

85. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 85 and therefore denies each and every allegation contained therein.

86. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 86 and therefore denies each and every allegation contained therein.

87. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 87 and therefore denies each and every allegation contained therein.

88. Denied.

89. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 89 and therefore denies each and every allegation contained therein.

90. UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 90 and therefore denies each and every allegation contained therein.

91.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 91 and therefore denies each and every allegation contained therein.

92.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 92 and therefore denies each and every allegation contained therein.

93.     UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 93 and therefore denies each and every allegation contained therein.

94.     Denied to the extent such allegations concern UTStarcom.  UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning other defendants in this action and therefore denies each and every allegation concerning such parties.

95.     Denied to the extent such allegations concern UTStarcom.  UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning other defendants in this action and therefore denies each and every allegation concerning such parties.

96.     Denied to the extent such allegations concern UTStarcom.  UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning other defendants in this action and therefore denies each and every allegation concerning such parties.

97.     Denied to the extent such allegations concern UTStarcom.  UTStarcom lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning other defendants in this action and therefore denies each and every allegation concerning such parties.

### Prayer for Relief

98. UTStarcom denies that Minerva is entitled to the relief sought in the prayer or any relief whatsoever.

### AFFIRMATIVE DEFENSES

UTStarcom asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

99. One or more claims of the '120 Patent is invalid and/or unenforceable on the grounds that the purported invention claimed therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, Sections 41, 101, 102, 103, 112 and/or 287 of Title 35.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

100. The actions taken and representations made before the United States Patent and Trademark Office in procuring the '120 Patent preclude Minerva from asserting or construing, whether literally or by the doctrine of equivalents, the claims of that patent in a way that would cover or read upon anything manufactured, used, sold, imported, or offered for sale by UTStarcom.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Notice, Marking)

101. Upon information and belief, Minerva is not entitled to any damages for any period before Minerva's actual notice to UTStarcom of its infringement allegations by reason of the failure properly to mark products embodying the claims of the '120 Patent as required by 35 U.S.C. § 287.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

102.    To the extent Minerva seeks recovery for any alleged infringement committed more than six years prior to the filing of the complaint, such recovery is barred by 35 U.S.C. § 286.

## FIFTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

103.    Any claim for damages by Minerva is barred by the equitable doctrines of laches, waiver, unclean hands, equitable estoppel, implied license, inequitable conduct, or any other equitable doctrine.

104.    UTStarcom has no obligation with respect to any claim alleged in the Complaint to the extent that such claim is barred by the equitable doctrines of laches, waiver, unclean hands, equitable estoppel, implied license, inequitable conduct, or any other equitable doctrine.

## GENERAL ALLEGATIONS

105.    UTStarcom specifically reserves the right to assert any and all affirmative defenses that may become available through information developed in discovery, at trial or otherwise.

106.    On information and belief, this is an exceptional case as that term is used in 35 U.S.C. § 285 in that Minerva failed to perform a reasonable investigation of UTStarcom's alleged infringement before filing this action.

**WHEREFORE**, UTStarcom respectfully requests that the Court:

A.    dismiss the Complaint with prejudice;

B.    enter an order declaring that UTStarcom has not infringed and is not currently infringing, either directly, contributorily, or through inducement, any asserted valid and enforceable claim of the '120 Patent;

C.      award UTStarcom its attorneys' fees, because this case is exceptional within the provisions of 35 U.S.C. § 285;

D.      award UTStarcom its costs; and award UTStarcom such other relief as the Court deems just and proper.

## COUNTERCLAIMS

1.      This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, for a declaration pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et. seq.*, that the '120 Patent is not infringed by UTStarcom or are invalid or both.

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 1338(a) (action arising under an Act of Congress relating to patents).

3.      This Court has personal jurisdiction over Minerva by virtue of Minerva having brought this lawsuit in this forum.

4.      The filing of Minerva's complaint creates an actual controversy between Minerva and UTStarcom regarding the infringement and validity of the Patents-in-Suit.

## FIRST CLAIM FOR RELIEF
### (Declaratory Relief as to the '120 Patent)

5.      The '120 Patent, properly construed, is not valid, not enforceable, and/or not infringed by any UTStarcom products or actions.

## PRAYER FOR RELIEF

**WHEREFORE**, UTStarcom prays for relief against Minerva as follows:

A.      For a declaration that the '120 Patent, properly construed, is not valid, not enforceable, and/or not infringed by any UTStarcom products or actions;

B.      For a declaration that Minerva and each of its officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with it be restrained and enjoined from further prosecuting or instituting any action against UTStarcom claiming that the '120 Patent is valid, enforceable, or infringed, or from representing that UTStarcom's products or services, or the use of them, infringes the '120 Patent.

C.      For a declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award to UTStarcom of its attorneys' fees and expenses in this action; and

D.      For such other relief as the Court may deem just and proper.

## JURY DEMAND

107.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, UTStarcom hereby demands a trial by jury of all issues in this case.


Dated:  January 7, 2008                         Respectfully submitted,

                                                MORRISON & FOERSTER, LLP

                                                By:    /s/ Alison M. Tucher

                                                Harold J. McElhinny
                                                Alison M. Tucher
                                                David E. Melaugh
                                                MORRISON & FOERSTER LLP
                                                425 Market Street
                                                San Francisco, California  94105-2482
                                                Phone:  415.268.7000
                                                Fax:  415.268.7522

                                                and

GILLAM & SMITH, LLP

Melissa R. Smith
State Bar No. 24001 35 1
Harry L. Gillam, Jr.
State Bar No. 0792 1800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

ATTORNEYS FOR DEFENDANT
UTSTARCOM, INC.

sf-2440626

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 7th day of January, 2008.

                                                       /s/ Alison M. Tucher
                                                       Alison M. Tucher
                                                       Attorneys for Defendants