# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MINERVA INDUSTRIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MOTOROLA, INC., ) <br> NOKIA, INC. ) <br> NOKIA MOBILE PHONES, INC. ) <br> ALLTEL CORP., ) <br> ALLTEL COMMUNICATIONS WIRELESS, ) <br> INC. ) <br> ALLTEL COMMUNICATION OF ) <br> TEXARKANA, INC., ) <br> ALLTEL WIRELESS OF TEXARKANA, LLC, ) <br> AT&T MOBILITY, LLC, ) <br> BOOST MOBILE, ) <br> DOBSON CELLULAR SYSTEMS, INC. (d/b/a ) <br> CELLULAR ONE), ) <br> HELIO, INC., ) <br> HELIO, LLC, ) <br> HEWLETT-PACKARD CO., ) <br> METROPCS, INC., ) <br> METROPCS WIRELESS, INC. ) <br> METROPCS TEXAS, LLC, ) <br> SPRINT NEXTEL CORP., ) <br> SPRINT WIRELESS BROADBAND CO., LLC, ) <br> SUNCOM WIRELESS OPERATING CO., ) <br> LLC, ) <br> T-MOBILE USA, INC., ) <br> TRACFONE WIRELESS, INC., ) <br> U.S. CELLULAR WIRELESS, ) <br> VERIZON COMMUNICATIONS, INC., ) <br> VERIZON WIRELESS SERVICES, LLC. ) <br> VIRGIN MOBILE USA, LLC, ) <br> HTC AMERICA, INC., ) <br> KYOCERA WIRELESS CORP., ) <br> KYOCERA AMERICA, INC., ) <br> LG ELECTRONICS, USA, INC. ) <br> LG ELECTRONICS MOBILECOMM USA, ) <br> INC. ) <br> PALM, INC., ) <br> PANTECH WIRELESS, INC. | Civil Action No. 2:07-cv-229 (TJW) <br> **JURY TRIAL DEMANDED** |

**HP'S ANSWER, DEFENSES, AND COUNTERCLAIMS**

| | |
|---|---|
| SANYO NORTH AMERICA CORP., | ) |
| UTSTARCOM, INC. | ) |
| SONY ERICSSON COMMUNICATIONS, | ) |
| (USA), INC., | ) |
| SAMSUNG AMERICAN, INC., | ) |
| SAMSUNG ELECTRONICS AMERICA, INC. | ) |
| SAMSUNG TELECOMMUNICATIONS | ) |
| AMERICA, LLC, | ) |
| SAMSUNG TELECOMMUNICATIONS | ) |
| AMERICA, INC., | ) |
| ALLTEL COMMUNICATION, INC., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT/COUNTERCLAIM PLAINTIFF HEWLETT-PACKARD COMPANY'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

## ANSWER

Defendant/Counterclaim Plaintiff Hewlett-Packard Company ("HP"), by and through its attorneys, hereby answers the Complaint and Demand for Jury Trial (the "Complaint") of Plaintiff/Counterclaim Defendant Minerva Industries, Inc. ("Plaintiff" or "Minerva"), as follows:

## PARTIES

1.   HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and, therefore, denies the same.

2.   HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint and, therefore, denies the same.

3.   HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and, therefore, denies the same.

4.   HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and, therefore, denies the same.

5. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and, therefore, denies the same.

6. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and, therefore, denies the same.

7. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and, therefore, denies the same.

8. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and, therefore, denies the same.

9. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and, therefore, denies the same.

10. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and, therefore, denies the same.

11. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and, therefore, denies the same.

12. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and, therefore, denies the same.

13. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and, therefore, denies the same.

14. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and, therefore, denies the same.

15. HP denies that it is a Delaware Corporation. HP admits that its principal place of business is 3000 Hanover Street, Palo Alto, California 94304.

16. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and, therefore, denies the same.

17. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and, therefore, denies the same.

18. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint and, therefore, denies the same.

19. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint and, therefore, denies the same.

20. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint and, therefore, denies the same.

21. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint and, therefore, denies the same.

22. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint and, therefore, denies the same.

23. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint and, therefore, denies the same.

24. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint and, therefore, denies the same.

25.  HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint and, therefore, denies the same.

26.  HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint and, therefore, denies the same.

27.  HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint and, therefore, denies the same.

28.  HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint and, therefore, denies the same.

29.  HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint and, therefore, denies the same.

30.  HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint and, therefore, denies the same.

31.  HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint and, therefore, denies the same.

32.  HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint and, therefore, denies the same.

33.  HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint and, therefore, denies the same.

34.  HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint and, therefore, denies the same.

35.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint and, therefore, denies the same.

36.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint and, therefore, denies the same.

37.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint and, therefore, denies the same.

38.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint and, therefore, denies the same.

39.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint and, therefore, denies the same.

40.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint and, therefore, denies the same.

41.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint and, therefore, denies the same.

42.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint and, therefore, denies the same.

43.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint and, therefore, denies the same.

44.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint and, therefore, denies the same.

**JURISDICTION AND VENUE**

45.     HP admits that the Complaint purports to bring an action for infringement arising under the Patent Laws of the United States, but denies the legal sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claim thereunder. HP admits that this Court has subject matter jurisdiction over patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

46.     HP admits venue is proper in this district insofar as it relates to HP. HP denies that it has a regular and established place of business in this district or that it has committed or induced acts of patent infringement in this district. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint as they relate to the other defendants and, therefore, denies the same.

47.     HP admits that personal jurisdiction against HP is found within this District on the matters relating to the allegations contained within the Complaint. HP denies that it has committed or induced acts of patent infringement in this district. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint as they relate to the other defendants and, therefore, denies the same.

**COUNT 1**
**INFRINGEMENT OF U.S. PATENT NO. 6,681,120**

48.     HP admits that United States Patent No. 6,681,120 ("the '120 patent") is entitled "Mobile Entertainment and Communication Device," that the '120 patent states on its face that it issued on January 20, 2004, and that a copy of the '120 patent was attached to the Complaint as Exhibit A. HP denies that the '120 patent was duly and legally issued. HP lacks knowledge or

information sufficient to form a belief as to the remaining allegations of Paragraph 48 of the Complaint, and therefore denies those allegations.

    49.    HP admits the allegation contained in paragraph 49 of the Complaint.

    50.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint and, therefore, denies the same.

    51.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint and, therefore, denies the same.

    52.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint and, therefore, denies the same.

    53.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint and, therefore, denies the same.

    54.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint and, therefore, denies the same.

    55.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint and, therefore, denies the same.

    56.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint and, therefore, denies the same.

    57.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint and, therefore, denies the same.

58. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint and, therefore, denies the same.

59. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint and, therefore, denies the same.

60. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint and, therefore, denies the same.

61. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint and, therefore, denies the same.

62. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint and, therefore, denies the same.

63. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint and, therefore, denies the same.

64. HP denies the allegations set forth in paragraph 64 of the Complaint.

65. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint and, therefore, denies the same.

66. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint and, therefore, denies the same.

67. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint and, therefore, denies the same.

68.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint and, therefore, denies the same.

69.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint and, therefore, denies the same.

70.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint and, therefore, denies the same.

71.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint and, therefore, denies the same.

72.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint and, therefore, denies the same.

73.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint and, therefore, denies the same.

74.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Complaint and, therefore, denies the same.

75.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint and, therefore, denies the same.

76.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint and, therefore, denies the same.

77.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint and, therefore, denies the same.

78.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint and, therefore, denies the same.

79.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint and, therefore, denies the same.

80.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint and, therefore, denies the same.

81.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint and, therefore, denies the same.

82.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint and, therefore, denies the same.

83.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Complaint and, therefore, denies the same.

84.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint and, therefore, denies the same.

85.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Complaint and, therefore, denies the same.

86.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Complaint and, therefore, denies the same.

87.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Complaint and, therefore, denies the same.

88.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint and, therefore, denies the same.

89.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Complaint and, therefore, denies the same.

90.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint and, therefore, denies the same.

91.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint and, therefore, denies the same.

92.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint and, therefore, denies the same.

93.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint and, therefore, denies the same.

94.     HP denies the allegations of paragraph 94 of the Complaint insofar as they are related and relate to HP.  HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the Complaint with respect to the other Defendants and, therefore, denies the same.

95.     HP denies the allegations of paragraph 95 of the Complaint insofar as they are related and relate to HP.  HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Complaint with respect to the other Defendants and, therefore, denies the same.

96. HP denies the allegations of paragraph 96 of the Complaint insofar as they are related and relate to HP. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint with respect to the other Defendants and, therefore, denies the same.

97. HP denies the allegations of paragraph 97 of the Complaint insofar as they are related and relate to HP. HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint with respect to the other Defendants and, therefore, denies the same.

## DEFENSES

98. Further answering the Complaint, Defendant asserts the following defenses. In doing so, HP does not assume the burden of proof with respect to those related matters that, pursuant to law, Plaintiff bears the burden.

### First Defense

99. The manufacture, importation, offer of sale, and sale of HP products does not infringe, either willfully or otherwise, nor does it contribute to the infringement of, or actively induce others, to infringe any valid claim of U.S. Patent No. 6,681,120 (the "Patent-in-Suit").

### Second Defense

100. The claims of the Patent-in-Suit are invalid for failure to comply with one or more of the provisions of the Patent Statute, 35 U.S.C. § 1, et seq., including but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Defense

101. Plaintiff is estopped from asserting that the manufacture, importation, offer of sale, or sale of HP products infringes the Patent-in-Suit by reasons of actions taken and

statements made by the applicants of that patent to the United States Patent and Trademark Office during the prosecution of the applications which lead to that patent.

### Fourth Defense

102.  Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### Fifth Defense

103.  Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Defense

104.  To the extent Plaintiff seeks damages for alleged infringement more than six years prior to the filing of this action, the claims are barred by the statute of limitations pursuant to 35 U.S.C. § 286.

### Seventh Defense

105.  To the extent Plaintiff seeks damages for any alleged infringement prior to its giving actual notice of the patents to HP, its claims are barred, including, but not limited to, for reasons pursuant to 35 U.S.C. § 287(a).

### Eighth Defense

106.  Plaintiff is not entitled to any injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any alleged injury.

### Ninth Defense

107.  Plaintiff has failed to state a claim upon which relief may be granted.

### COUNTERCLAIMS

108.  HP is a corporation organized under the laws of the State of California have a principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

109. On information and belief, Plaintiff is a California Corporation with its principal place of business at 255 S. Grand Avenue, Suite 2004, Los Angeles, California 90012.

110. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

111. Venue is proper under 28 U.S.C. § 1391 and 1400(b).

112. Plaintiff has asserted that HP infringes U.S. Patent No. 6,681,120 (the "Patent-in-Suit"). An actual controversy exists between Plaintiff and HP over the alleged infringement, validity, and enforceability of the Patent-in-Suit.

### FIRST COUNTERCLAIM

113. HP incorporates and realleges Paragraphs 110 through 114 as though fully set forth herein.

114. An actual and justiciable case or controversy exists between Plaintiff and HP as to the infringement of the Patent-in-Suit.

115. HP has not infringed and does not presently infringe, either willfully or otherwise, nor has it contributed to the infringement of, or actively induced others to infringe any claim of the Patent-in-Suit.

### SECOND COUNTERCLAIM

116. HP incorporates and realleges Paragraphs 110 through 117 as though fully set forth herein.

117.    An actual and justiciable case or controversy exists between Plaintiff and HP as to the validity and enforceability of the claims of the Patent-in-Suit.

118.    The claims of patent-in-suit are invalid for failure to meet one or more of the requirements of patentability set forth in the Patent Statute, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112 or are otherwise unenforceable.

## PRAYER FOR RELIEF

FOR THESE REASONS, HP respectfully requests that this Court enter judgment in their favor and grant the following relief.

a.   That Plaintiff take nothing by its action and the Complaint be dismissed with prejudice;

b.   That the Court enter a declaratory judgment that HP has not infringed and does not presently infringe, either willfully or otherwise, nor has it contributed to the infringement of, or actively induced others to infringe, any claim of the Patent-in-Suit;

c.   That the Court enter a declaratory judgment that the Patent-in-Suit is invalid and/or unenforceable;

d.   That the Court find that this is an exceptional case and award HP its attorneys' fees in this action, pursuant to U.S.C. § 285;

e.   That the Court award HP its costs and expenses; and

f.   That the Court grant HP such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, HP respectfully demands a trial by jury on all issues so triable.

Dated: January 7, 2008                    Respectfully submitted,

                                          /s/ Josh A. Krevitt
                                          Josh A. Krevitt (New York Bar No. 2568228)
                                          John L. LaBarre (New York Bar No. 4396271)
                                          **GIBSON, DUNN & CRUTCHER LLP**
                                          200 Park Avenue, 47th Floor
                                          New York, New York 10166
                                          Telephone:  (212) 351-4000
                                          Facsimile:   (212) 351-4035
                                          Email:  jkrevitt@gibsondunn.com
                                          Email:  jlabarre@gibsondunn.com


                                          **ATTORNEYS FOR DEFENDANT
                                          HEWLETT-PACKARD COMPANY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 7, 2008 all counsel of record were served with a copy **DEFENDANT/COUNTERCLAIM PLAINTIFF HEWLETT-PACKARD COMPANY'S ANSWER, DEFENSES AND COUNTERCLAIMS TO COMPLAINT** by the Court's CM/ECF system per Local Rule CV-5(a)(3).

Dated: January 7, 2008                     /s/ John LaBarre
                                           John LaBarre