IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MINERVA INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 2-07CV-229-TJW |
| v. | ) | |
| | ) | Jury Trial Demanded |
| MOTOROLA, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## **ANSWER AND COUNTERCLAIM**

Defendants Kyocera Wireless Corp.; LG Electronics MobileComm U.S.A., Inc.;
Motorola, Inc.; Nokia Inc.; Samsung Telecommunications America LLC; Alltel
Communications, Inc.; Alltel Communications of Texarkana, Inc.; Alltel Communications
Wireless, Inc.; Alltel Wireless of Texarkana, LLC; AT&T Mobility, LLC; Dobson Cellular
Systems, Inc.; Helio, Inc.; HELIO LLC; MetroPCS, Inc.; MetroPCS Texas, LLC; MetroPCS
Wireless, Inc.; T-Mobile USA, Inc.; TracFone Wireless, Inc.; and Virgin Mobile USA, LP
(collectively "Defendants"), respectfully file their Answer to Plaintiff's Complaint and Demand
for Jury Trial (the "Complaint").

Except as expressly admitted hereinafter, Defendants deny each allegation contained in
the Complaint.  In response to the specific allegations of the Complaint, Defendants state as
follows:

## **PARTIES**

1.  Defendants are without knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph 1 and therefore deny the same.

1

Dockets.Justia.com

2.    Motorola, Inc., admits the allegations contained in paragraph 2.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore deny the same.

3.    Nokia Inc. admits the allegations contained in paragraph 3.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and therefore deny the same.

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore deny the same.

5.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore deny the same.

6.    Alltel Communications Wireless, Inc., denies the allegations contained in paragraph 6.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore deny the same.

7.    Alltel Communications, Inc. admits the allegations contained paragraph 7.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore deny the same.

8.    Alltel Communications of Texarkana, Inc., denies the allegations contained in paragraph 8.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore deny the same.

9.    Alltel Wireless of Texarkana, LLC, admits that it is a limited liability company and denies the remaining allegations contained in paragraph 9.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore deny the same.

10. AT&T Mobility, LLC, admits that it is a Delaware limited liability company whose principal place of business is at 5565 Glenridge Connector, Atlanta, Georgia. AT&T Mobility, LLC, denies the remaining allegations contained in paragraph 10. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore deny the same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore deny the same.

12. Dobson Cellular Systems, Inc., admits the allegations contained in paragraph 12. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore deny the same.

13. Helio, Inc., admits the allegations contained in paragraph 13. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore deny the same.

14. HELIO LLC admits the allegations contained in paragraph 14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore deny the same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore deny the same.

16. MetroPCS, Inc., admits the allegations contained in paragraph 16. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore deny the same.

17. MetroPCS Texas, LLC, denies the allegations contained in paragraph 17. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore deny the same.

18. MetroPCS Wireless, Inc., admits the allegations contained in paragraph 18.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore deny the same.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore deny the same.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore deny the same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and therefore deny the same.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and therefore deny the same.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and therefore deny the same.

24. T-Mobile USA, Inc., admits the allegations contained in paragraph 24.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore deny the same.

25. TracFone Wireless, Inc., denies the allegations contained in paragraph 25.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore deny the same.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore deny the same.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore deny the same.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore deny the same.

29. Virgin Mobile USA, LP, admits that its principal place of business is at 10 Independence Boulevard, Warren, New Jersey, and denies the remaining allegations contained in paragraph 29. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore deny the same.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore deny the same.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore deny the same.

32. Kyocera Wireless Corp. admits that it is a Delaware corporation and denies that its principal place of business is 8611 Balboa Avenue, San Diego, California 92123. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore deny the same.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore deny the same.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and therefore deny the same.

35. LG Electronics MobileComm U.S.A., Inc., admits that it is a California corporation whose principal place of business is at 10225 Willow Creek Road, San Diego, CA 92131 and denies the remaining allegations contained in paragraph 35. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and therefore deny the same.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore deny the same.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore deny the same.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore deny the same.

39.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore deny the same.

40.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore deny the same.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore deny the same.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore deny the same.

43. Samsung Telecommunications America LLC, admits the allegations contained in paragraph 43. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and therefore deny the same.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and therefore deny the same.

## JURISDICTION AND VENUE

45. The allegations contained in paragraph 45 are legal conclusions that do not require a response.

46. The allegations contained in paragraph 46 are legal conclusions that do not require a response. Defendants deny having committed and/or induced any alleged act of patent infringement.

47. The allegations contained in paragraph 47 are legal conclusions that do not require a response.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,681,120

### (Against All Defendants)

48. Defendants admit that a copy of the '120 patent appears to be attached to the Complaint as Exhibit A. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 and therefore deny the same.

49. Defendants admit that the face of the '120 patent lists Ki Il Kim as inventor.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 and therefore deny the same.

51. Motorola, Inc., denies the allegations contained in paragraph 51. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and therefore deny the same.

52. Nokia Inc. denies the allegations contained in paragraph 52. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and therefore deny the same.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 and therefore deny the same.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 and therefore deny the same.

55. Alltel Communications Wireless, Inc., denies the allegations contained in paragraph 55. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 and therefore deny the same.

56. Alltel Communications, Inc., denies the allegations contained in paragraph 56. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and therefore deny the same.

57. Alltel Communications of Texarkana, Inc., denies the allegations contained in paragraph 57. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and therefore deny the same.

58. Alltel Wireless of Texarkana, LLC, denies the allegations contained in paragraph 58. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and therefore deny the same.

59. AT&T Mobility, LLC, denies the allegations contained in paragraph 59. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and therefore deny the same.

60. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and therefore deny the same.

61. Dobson Cellular Systems, Inc., denies the allegations contained in paragraph 61. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 and therefore deny the same.

62. Helio, Inc., denies the allegations contained in paragraph 62. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 and therefore deny the same.

63. HELIO LLC denies the allegations contained in paragraph 63.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the  allegations contained in paragraph 63 and therefore deny the same.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 and therefore deny the same.

65. MetroPCS, Inc. denies the allegations contained in paragraph 65.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 and therefore deny the same.

66. MetroPCS Texas, LLC, denies the allegations contained in paragraph 66.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 and therefore deny the same.

67. MetroPCS Wireless, Inc., denies the allegations contained in paragraph 67.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 and therefore deny the same.

68. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 and therefore deny the same.

69. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and therefore deny the same.

70. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 and therefore deny the same.

71. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 and therefore deny the same.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 and therefore deny the same.

73. T-Mobile USA, Inc., denies the allegations contained in paragraph 73. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 and therefore deny the same.

74. TracFone Wireless, Inc., denies the allegations contained in paragraph 74. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 and therefore deny the same.

75. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 and therefore deny the same.

76. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 and therefore deny the same.

77. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 and therefore deny the same.

78. Virgin Mobile USA, LP, denies the allegations contained in paragraph 78. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 and therefore deny the same.

79. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 and therefore deny the same.

80. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 and therefore deny the same.

81. Kyocera Wireless Corp. denies the allegations contained in paragraph 81. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 and therefore deny the same.

82. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 and therefore deny the same.

83. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 and therefore deny the same.

84. LG Electronics MobileComm U.S.A., Inc., denies the allegations contained in paragraph 84. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 and therefore deny the same.

85. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 and therefore deny the same.

86. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 and therefore deny the same.

87. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 and therefore deny the same.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 and therefore deny the same.

89. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 and therefore deny the same.

90. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 and therefore deny the same.

91. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 and therefore deny the same.

92. Samsung Telecommunications America LLC, denies the allegations contained in paragraph 92. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 and therefore deny the same.

93. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 and therefore deny the same.

94. Defendants deny the allegations contained in paragraph 94.

95. Defendants deny the allegations contained in paragraph 95.

96. Defendants deny the allegations contained in paragraph 96.

97. Defendants deny the allegations contained in paragraph 97.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief sought in the prayer or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden other than that imposed by operation of law or admitting that they bear the burden of proof with respect to any of the following, Defendants allege as follows:

### First Defense
### (Failure to State a Claim)

Plaintiff fails to state a claim upon which any relief can be granted.

### Second Defense
### (Laches)

Plaintiff is equitably estopped from enforcing, has waived enforcement of, and/or is barred by the doctrine of laches in the enforcement of the '120 patent.

### Third Defense
### (No Infringement)

Defendants do not infringe any valid claim of the '120 patent.

### Fourth Defense
### (Invalidity)

The claims of the '120 patent are invalid for failing to comply with the conditions and requirements of patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

### Fifth Defense
**(Estoppel)**

Plaintiff is estopped from construing any valid claim of the '120 patent to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, or offered by Defendants because of admissions and statements to the United States Patent and Trademark Office in the specification of the '120 patent and during prosecution of the application leading to the issuance of the '120 patent.

### COUNTERCLAIM

The following Defendants allege as follows:

### PARTIES

1.  Motorola, Inc., is an Illinois corporation having its principal place of business at 1303 E. Algonquin Road, Schaumburg, Illinois.

2.  Nokia Inc. is a Delaware corporation having its principal place of business at 6000 Connection Drive #18-931, Irving, Texas.

3.  Samsung Telecommunications America LLC is a Delaware limited liability company having its principal place of business at 1301 E. Lookout Drive, Richardson, Texas.

4.  Kyocera Wireless Corp. is a Delaware corporation having its principal place of business at 10300 Campus Point Drive, San Diego, California.

5.  LG Electronics MobileComm U.S.A., Inc., is a California corporation having its principal place of business at 10101 Old Grove Drive, San Diego, California.

6.  Alltel Communications Wireless, Inc., is a Louisiana corporation having its principal place of business at 100 Century Park Drive, Monroe, Louisiana.

7.  Alltel Communications, Inc., is a Delaware corporation having its principal place of business at One Allied Drive, Little Rock, Arkansas.

8.   Alltel Communications of Texarkana, Inc., is a Louisiana corporation having its principal place of business at 100 Century Park Drive, Monroe, Louisiana.

9.   Alltel Wireless of Texarkana, LLC, is a Louisiana limited liability company having its principal place of business at 100 Century Park Drive, Monroe, Louisiana.

10.  AT&T Mobility, LLC, is a Delaware limited liability company having its principal place of business at 5565 Glenridge Connector, Atlanta, Georgia.

11.  Dobson Cellular Systems, Inc., is an Oklahoma corporation having its principal place of business at 14201 Wireless Way, Oklahoma City, Oklahoma.

12.  Helio, Inc., is a Delaware corporation having its principal place of business at 10960 Wilshire Boulevard, Suite 700, Los Angeles, California.

13.  HELIO LLC is a Delaware corporation having its principal place of business at 10960 Wilshire Boulevard, Suite 600, Los Angeles, California.

14.  MetroPCS, Inc. is a Delaware corporation having its principal place of business at 8144 Walnut Hill Lane, Suite 800, Dallas, Texas  75231.

15.  MetroPCS Texas, LLC, is a Delaware limited liability company having its principal place of business at 2250 Lakeside Boulevard, Richardson, Texas  75082.

16.  MetroPCS Wireless, Inc., is a Delaware corporation having its principal place of business at 8144 Walnut Hill Lane, Suite 800, Dallas, Texas  75231.

17.  T-Mobile USA, Inc., is a Delaware corporation having its principal place of business at 12920 SE 38th Street, Bellevue, Washington  98006.

18.  TracFone Wireless, Inc., is a Delaware corporation having its principal place of business at 9700 NW 112th Avenue, Medley, Florida  33178.

19.  Virgin Mobile USA, LP, is a Delaware limited partnership having its principal place of business at 10 Independence Boulevard, Warren, New Jersey 07059.

20. On information and belief, Minerva Industries, Inc. ("Minerva"), is a California corporation with its principal place of business at 255 S. Grand Avenue, Suite 2004, Los Angeles, California 90012. As the Plaintiff in this case, Minerva may be served with a copy of this Counterclaim by serving this document in accordance with Federal Rule of Civil Procedure 5.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2202-2202, 1338, and 1331. A real, immediate, and justiciable controversy exists between Minerva and Defendants. The controversy relates to the invalidity and non-infringement of United States Patent No. 6,681,120. Minerva has accused Defendants of infringing this patent.

22. Minerva is subject to personal jurisdiction and venue in the Eastern District of Texas by virtue of its contacts with the State of Texas and this District in particular. As the Plaintiff in this case, Minerva has consented to the jurisdiction and venue of this Court.

## DECLARATORY JUDGMENT

23. Defendants incorporate by reference each preceding allegation as though expressly stated herein.

24. The claims of the '120 patent are invalid for failing to comply with the conditions and requirements of patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

25. Defendants' products do not infringe any valid claim of the '120 patent.

26. Accordingly, Defendants seek a declaratory judgment under 28 U.S.C. §§ 2201-2202 that their products do not infringe any valid claim of the '120 patent.

**ATTORNEYS' FEES AND COSTS**

27. Defendants incorporate by reference each preceding allegation as though expressly stated herein.

28. Defendants are entitled to a declaration that this case is "exceptional" within the meaning of 25 U.S.C. § 285, entitling Defendants to an award of their reasonable and necessary attorneys' fees, expenses, and costs incurred in this case.

**JURY DEMAND**

29. Defendants demand a trial by jury on all issues so triable.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request the following relief:

A. A judgment that United States Patent No. 6,681,120 is invalid;

B. A judgment that United States Patent No. 6,681,120 is not infringed by any defendant;

C. A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285;

D. An award of Defendants' reasonable and necessary attorneys' fees, expenses, and costs incurred in this action;

E. Dismissal with prejudice of and a take nothing judgment on Plaintiff's Complaint and Demand for Jury Trial; and

F. All such other and further relief as the Court deems just and proper.

Dated:  January 7, 2008

Respectfully submitted,

s/ *Steven M. Zager*

Steven M. Zager, *Lead Attorney*
State Bar No. 22241500
szager@akingump.com
Fred I. Williams
State Bar No. 00794855
fwilliams@akingump.com
Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002
Telephone: 713.220.5800
Facsimile:  713.236.0822

Jeffrey K. Sherwood
State Bar No. 24009354
jsherwood@akingump.com
Frank C. Cimino *(pro hac vice)*
fcimino@akingump.com
Jin-Suk Park *(pro hac vice)*
jspark@akingump.com
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
Telephone: 202.887.4000
Facsimile:  202.887.4200

Todd E. Landis
State Bar No. 24030226
tlandis@akingump.com
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201
Telephone: 214.969.2800
Facsimile:  214.969.4343

ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

Samuel F. Baxter
State Bar No. 01938000
sbaxter@mckoolsmith.com
McKool Smith
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: 214.978.4016

Attorneys for Defendant Kyocera Wireless Corp.

Carl R. Roth
State Bar No. 17312000
cr@rothfirm.com
Michael C. Smith
State Bar No. 18650410
ms@rothfirm.com
The Roth Law Firm
115 N. Wellington, Suite 200
Marshall, TX 75670
Telephone: 903.935.1665

Attorneys for Defendant Nokia Inc.

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Potter Minton
110 N. College
Tyler, TX 75702
Telephone: 903.597.8311

Attorneys for Defendant Motorola, Inc.

John Flaim
State Bar No. 00785864
john.flaim@bakernet.com
William D. McSpadden
State Bar No. 24002587
william.d.mcspadden@bakernet.com
Baker & McKenzie LLP
2001 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: 214.978.3000

Attorneys for Alltel Communications, Inc.,
Alltel Communications of Texarkana, Inc.,
Alltel Communications Wireless, Inc. and
Alltel Wireless of Texarkana, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January 2008, a copy of the foregoing electronically filed document was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said party:

Marc A. Fenster
mfenster@raklaw.com
David R. Gabor
dgabor@raklaw.com
Irene Y. Lee
ilee@raklaw.com
Robert E. Satterthwaite
rsatterthwaite@raklaw.com
Larry C. Russ
lruss@raklaw.com
Russ, August & Kabat
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
Telephone: 310.826.7474
Facsimile: 310.826.6991

Attorneys for Plaintiff

Franklin Jones Jr.
maizieh@millerfirm.com
Jones & Jones, Inc., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, TX 75671-1249
Telephone: 903.938.4395
Facsimile: 903.938.3360

Attorneys for Plaintiff

S. Calvin Capshaw III
ccapshaw@mailbmc.com
Elizabeth L. DeRieux
ederieux@mailbmc.com
Andrew Wesley Spangler
aspangler@mailbmc.com
Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, TX 75601-5157
Telephone: 903.236.9800
Facsimile: 903.236.8787

Attorneys for Plaintiff

Otis W. Carroll
Collin Maloney
fedserv@icklaw.com
Ireland Carroll & Kelley, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, TX 75711
Telephone: 903.561.1600
Facsimile: 903.581.1071

Attorneys for Plaintiff

Andy Tindel
atindel@andytindel.com
Provost Umphrey Law Firm, L.L.P.
112 East Line Street, Suite 304
Tyler, TX 75702
Telephone:  903.596.0900
Facsimile:  903.596.0909

Warren S. Heit *(pro hac vice pending)*
wheit@whitecase.com
White & Case LLP
3000 El Camino Real
Bldg. 5, 9th Floor
Palo Alto, CA 94306
Telephone: 650.213.0300
Facsimile:  650.213.8158

Attorneys for Defendant HTC America, Inc.

Melissa R. Smith
melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
gil@gillamsmithlaw.com
Gillam & Smith, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903.934.8450
Facsimile:  903.934.9257

Hae-Chan Park
hpark@park-law.com
Wayne M. Helge
whelge@parklaw.com
HC Park & Associates
8500 Leesburg Pike, Suite 7500
Vienna, VA 22182
Telephone: 703.288.5105
Facsimile:  703.288.5139

Attorneys for Pantech Wireless, Inc.

Michael E. Jones
mikejones@potterminton.com
John F. Bufe
johnbufe@potterminton.com
Potter Minton
P.O. Box 359
Tyler, TX 75710
Telephone: 903.597.8311
Facsimile:  903.593.0846

Jeffrey E. Ostrow
jostrow@stblaw.com
Simpson Thacher & Bartlett LLP
2550 Hanover Street
Palo Alto, CA 94304
Telephone: 650.251.5030
Facsimile:  650.251.5002

Attorneys for Verizon Communications, Inc.
and Verizon Wireless Services, LLC

Michael A. Dorfman
michael.dorfman@kattenlaw.com
Timothy J. Vezeau
timothy.vezeau@kattenlaw.com
Katten Munchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693
Telephone: 312.902.5200
Facsimile:  312.902.1061

John M. Cone
jcone@hitchcockevert.com
Hitchcock Evert LLP
750 North St. Paul Street, Suite 1110
Dallas, TX 75201
Telephone: 214.953.1111
Facsimile:  214.953.1121

Attorneys for Sanyo North America
Corporation

Paul B. Keller
paul.keller@wilmerhale.com
Wilmer Hale
399 Park Avenue
New York, NY 10022
Telephone: 212.937.7273
Facsimile: 212.230.8888

Attorneys for Palm, Inc.


Bruce S. Sostek
bruce.sostek@tklaw.com
Jane Politz Brandt
jane.brandt@tklaw.com
Richard L. Wynne, Jr.
richard.wynne@tklaw.com
Michael Stockham
michael.stockham@tklaw.com
Thompson & Knight LLP
1700 Pacific Avenue, Suite 3300
Dallas, TX 75201-4693
Telephone: 214.969.1700
Facsimile: 214.969.1751


Jennifer Parker Ainsworth
jainsworth@wilsonlawfirm.com
Wilson Robertson & Cornelius, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
Telephone: 903.509.5000
Facsimile: 903.509.5092


Attorneys    for    Sony    Ericcson    Mobile
Communications (USA) Inc.

Josh A. Krevitt
jkrevitt@gibsondunn.com
John L. LaBarre
jlabarre@gibsondunn.com
Gibson Dunn & Crutcher LLP
200 Park Aveue, 47th Floor
New York, NY 10166
Telephone: 212.351.4000
Facsimile:  212.351.4035

Attorneys for Hewlett-Packard Company


*s/ Fred I. Williams*
Fred I. Williams

21