UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MINERVA INDUSTRIES, INC., <br><br> *Plaintiff,* <br><br> vs. <br><br> MOTOROLA, INC., ET AL., <br><br> *Defendants.* | C.A. No. 2:07-CV-229 TJW <br><br> JURY TRIAL DEMANDED |

**DEFENDANT UTSTARCOM, INC.'S UNOPPOSED MOTION FOR
LEAVE TO FILE ITS SECOND AMENDED ANSWER TO COMPLAINT**

Defendant UTStarcom, Inc. ("UTStarcom") moves pursuant to Fed. R. Civ. P. 15(a) for leave to file and serve its Second Amended Answer to Complaint, attached hereto as Exhibit A, to correct minor clerical errors relating to UTStarcom's inequitable conduct affirmative defense and counterclaim. Plaintiff Minerva Industries, Inc. ("Minerva") does not oppose this Motion.

**ARGUMENT**

Although UTStarcom must obtain leave of Court to amend its pleadings, that leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has made it clear that leave to amend should be granted absent extraordinary circumstances:

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. — the leave sought should, as the rule requires, be "freely given."

sf-2470853

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Ynclan v. Dept. of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991) (noting that the circumstances under which Rule 15(a) "permits denial of leave to amend are limited").

      None of the circumstances that would justify the denial of a motion for leave to amend is present here. Namely, there is no "undue delay," as UTStarcom only became aware of the clerical errors in its First Amended Answer several weeks ago. Moreover, there is no "bad faith" as UTStarcom merely seeks to correct minor clerical errors relating to patent application numbers and patent issue dates, so that the pleadings in this case can be completely accurate. There is no "dilatory motive on the part of the movant," as no scheduling order has been entered in this case, and as such, no deadlines would be affected by UTStarcom's Second Amended Answer. Finally, there is no "undue prejudice to the opposing party," as Minerva is already apprised of UTStarcom's inequitable conduct allegations by virtue of UTStarcom's First Amended Answer and Minerva does not oppose the filing of UTStarcom's Second Amended Answer. Additionally, UTStarcom has provided Minerva with a red-lined draft of UTStarcom's Second Amended Answer to Complaint, identifying the proposed corrections.

      Accordingly, as none of the circumstances that would justify the denial of a motion for leave to amend is present here, UTStarcom requests that the Court grant its Motion for Leave, and allow UTStarcom to amend its Second Amended Answer to Complaint.

## CONCLUSION

For the reasons stated above, UTStarcom requests that the Court grant UTStarcom's Motion for Leave to amend its Second Amended Answer to Complaint. A proposed Order granting UTStarcom's Motion is attached for the Court's Convenience.

Dated:  March 4, 2008

Respectfully submitted,

MORRISON & FOERSTER, LLP

By:  ___/s/ Alison M. Tucher___

Harold J. McElhinny
Alison M. Tucher
David E. Melaugh
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Phone:  415.268.7000
Fax:  415.268.7522

and

GILLAM & SMITH, LLP

Melissa R. Smith
State Bar No. 24001 35 1
Harry L. Gillam, Jr.
State Bar No. 0792 1800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

ATTORNEYS FOR DEFENDANT
UTSTARCOM, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 4th of March, 2008.

                                              /s/ Alison M. Tucher
                                              Alison M. Tucher
                                              Attorneys for Defendants

## CERTIFICATE OF CONFERENCE

I hereby certify that my colleague, David Melaugh, conferred with Minerva's counsel, Mr. Marc Fenster, via telephone on February 20, 2008, and that Minerva does not oppose UTStarcom's Motion for Leave.

                                              /s/ Alison M. Tucher
                                              Alison M. Tucher
                                              Attorneys for Defendants