IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

MINERVA INDUSTRIES, INC.,              )
                                       )
          Plaintiff,                   )
                                       )        CIVIL ACTION NO. 2-07CV-229-TJW
v.                                     )
                                       )        Jury Trial Demanded
MOTOROLA, INC., ET AL.                 )
                                       )
          Defendants.                  )

## FIRST AMENDED ANSWER AND COUNTERCLAIM

Defendants HTC America, Inc.; Kyocera Wireless Corp.; LG Electronics MobileComm

U.S.A., Inc.; Motorola, Inc.; Nokia Inc.; Samsung Telecommunications America LLC; Alltel

Communications, Inc.; AT&T Mobility, LLC; Dobson Cellular Systems, Inc.; HELIO LLC;

MetroPCS Wireless, Inc.; T-Mobile USA, Inc.; TracFone Wireless, Inc.; and Virgin Mobile USA,

LP (collectively "Defendants"), respectfully file their First Amended Answer and Counterclaim

to Plaintiff's Complaint and Demand for Jury Trial (the "Complaint").

Except as expressly admitted hereinafter, Defendants deny each allegation contained in

the Complaint.  In response to the specific allegations of the Complaint, Defendants state as

follows:

### PARTIES

1.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 1 and therefore deny the same.

2.      Motorola, Inc., admits the allegations contained in paragraph 2.  The other

Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 2 and therefore deny the same.

Dockets.Justia.com

3.    Nokia Inc. admits the allegations contained in paragraph 3.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and therefore deny the same.

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore deny the same.

5.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore deny the same.

6.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore deny the same.

7.    Alltel Communications, Inc. admits the allegations contained paragraph 7.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore deny the same.

8.    Alltel Communications of Texarkana, Inc., denies the allegations contained in paragraph 8.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore deny the same.

9.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore deny the same.

10.    AT&T Mobility, LLC, admits that it is a Delaware limited liability company whose principal place of business is at 5565 Glenridge Connector, Atlanta, Georgia.  AT&T Mobility, LLC, denies the remaining allegations contained in paragraph 10.   The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore deny the same.

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore deny the same.

2

12.    Dobson Cellular Systems, Inc., admits the allegations contained in paragraph 12. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore deny the same.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore deny the same.

14.    HELIO LLC admits the allegations contained in paragraph 14.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore deny the same.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore deny the same.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore deny the same.

17.    The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore deny the same.

18.    MetroPCS Wireless, Inc., admits the allegations contained in paragraph 18.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore deny the same.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore deny the same.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore deny the same.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and therefore deny the same.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and therefore deny the same.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and therefore deny the same.

24.     T-Mobile USA, Inc., admits the allegations contained in paragraph 24.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore deny the same.

25.     TracFone Wireless, Inc., denies the allegations contained in paragraph 25.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore deny the same.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore deny the same.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore deny the same.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore deny the same.

29.     Virgin Mobile USA, LP, admits that its principal place of business is at 10 Independence Boulevard, Warren, New Jersey, and denies the remaining allegations contained in paragraph 29.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore deny the same.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore deny the same.

31.     HTC America, Inc., admits that it is a Texas corporation and denies the remaining allegations contained in paragraph 31.   The other Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore deny the same.

32.    Kyocera Wireless Corp. admits that it is a Delaware corporation and denies that its principal place of business is 8611 Balboa Avenue, San Diego, California 92123. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore deny the same.

33.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore deny the same.

34.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and therefore deny the same.

35.    LG Electronics MobileComm U.S.A., Inc., admits that it is a California corporation whose principal place of business is at 10225 Willow Creek Road, San Diego, CA 92131 and denies the remaining allegations contained in paragraph 35. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and therefore deny the same.

36.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore deny the same.

37.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore deny the same.

38.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore deny the same.

39.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore deny the same.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore deny the same.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore deny the same.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore deny the same.

43.     Samsung Telecommunications America LLC, admits the allegations contained in paragraph 43.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and therefore deny the same.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and therefore deny the same.

### JURISDICTION AND VENUE

45.     The allegations contained in paragraph 45 are legal conclusions that do not require a response.

46.     The allegations contained in paragraph 46 are legal conclusions that do not require a response.  Defendants deny having committed and/or induced any alleged act of patent infringement.

47.     The allegations contained in paragraph 47 are legal conclusions that do not require a response.

### COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 6,681,120

### (Against All Defendants)

48.     Defendants admit that a copy of the '120 patent appears to be attached to the Complaint as Exhibit A.  Defendants are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in paragraph 43 and therefore deny the same.

49.     Defendants admit that the face of the '120 patent lists Ki Il Kim as inventor.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 and therefore deny the same.

51.     Motorola, Inc., denies the allegations contained in paragraph 51.   The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and therefore deny the same.

52.     Nokia Inc. denies the allegations contained in paragraph 52.   The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and therefore deny the same.

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the  allegations contained in paragraph 53 and therefore deny the same.

54.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the  allegations contained in paragraph 54 and therefore deny the same.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the  allegations contained in paragraph 55 and therefore deny the same.

56.     Alltel Communications, Inc., denies the allegations contained in paragraph 56. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the  allegations contained in paragraph 56 and therefore deny the same.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the  allegations contained in paragraph 57 and therefore deny the same.

58.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the  allegations contained in paragraph 58 and therefore deny the same.

59.     AT&T Mobility, LLC, denies the allegations contained in paragraph 59.   The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and therefore deny the same.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and therefore deny the same.

61.     Dobson Cellular Systems, Inc., denies the allegations contained in paragraph 61. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 and therefore deny the same.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the  allegations contained in paragraph 62 and therefore deny the same.

63.     HELIO LLC denies the allegations contained in paragraph 63.   The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 and therefore deny the same.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 and therefore deny the same.

65.     MetroPCS, Inc. denies the allegations contained in paragraph 65.   The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 and therefore deny the same.

66.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the  allegations contained in paragraph 66 and therefore deny the same.

67.     MetroPCS Wireless, Inc., denies the allegations contained in paragraph 67.  The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the  allegations contained in paragraph 67 and therefore deny the same.

68.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 and therefore deny the same.

69.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and therefore deny the same.

70.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 and therefore deny the same.

71.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 and therefore deny the same.

72.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 and therefore deny the same.

73.    T-Mobile USA, Inc., denies the allegations contained in paragraph 73. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 and therefore deny the same.

74.    TracFone Wireless, Inc., denies the allegations contained in paragraph 74. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 and therefore deny the same.

75.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 and therefore deny the same.

76.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 and therefore deny the same.

77.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 and therefore deny the same.

78.     Virgin Mobile USA, LP, denies the allegations contained in paragraph 78. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 and therefore deny the same.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 and therefore deny the same.

80.     HTC America, Inc., denies the allegations contained in paragraph 80. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 and therefore deny the same.

81.     Kyocera Wireless Corp. denies the allegations contained in paragraph 81. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 and therefore deny the same.

82.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 and therefore deny the same.

83.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 and therefore deny the same.

84.     LG Electronics MobileComm U.S.A., Inc., denies the allegations contained in paragraph 84. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 and therefore deny the same.

85.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 and therefore deny the same.

86.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 and therefore deny the same.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 and therefore deny the same.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 and therefore deny the same.

89.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 and therefore deny the same.

90.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 and therefore deny the same.

91.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 and therefore deny the same.

92.     Samsung Telecommunications America LLC, denies the allegations contained in paragraph 92. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 and therefore deny the same.

93.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 and therefore deny the same.

94.     Defendants deny the allegations contained in paragraph 94.

95.     Defendants deny the allegations contained in paragraph 95.

96.     Defendants deny the allegations contained in paragraph 96.

97.     Defendants deny the allegations contained in paragraph 97.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief sought in the prayer or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden other than that imposed by operation of law or admitting that they bear the burden of proof with respect to any of the following, Defendants allege as follows:

11

### First Defense

### (Failure to State a Claim)

Plaintiff fails to state a claim upon which any relief can be granted.

### Second Defense

### (Laches)

Plaintiff is equitably estopped from enforcing, has waived enforcement of, and/or is barred by the doctrine of laches in the enforcement of the '120 patent.

### Third Defense

### (No Infringement)

Defendants do not infringe any valid claim of the '120 patent.

### Fourth Defense

### (Invalidity)

The claims of the '120 patent are invalid for failing to comply with the conditions and requirements of patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

### Fifth Defense

### (Inequitable Conduct)

Minerva's allegations of infringement of the '120 patent are barred because the '120 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

On April 25, 1997, Ki Il Kim, a United States citizen residing in Los Angeles, California and the inventor of the '120 patent, filed U.S. Patent Application Serial No. 08/846,108 ("the '108 application") with the U.S. Patent and Trademark Office ("PTO"). The '120 patent would eventually issue from a continuation-in-part application to the '108 application.

Prior to filing the '108 application, however, Ki Il Kim previously filed two patent applications in the Republic of Korea on March 7, 1997 and March 26, 1997, respectively, which, as subsequently admitted by Ki Il Kim, contained material equivalent to that disclosed and claimed in the '108 application.   Such foreign filings prior to the filing of the '108 application constituted a violation of 35 U.S.C. § 184.

According to 35 U.S.C. § 184, and as further delineated in 37 C.F.R. § 5.11, "[a] license from the [PTO] under 35 U.S.C. § 184 is required before filing any application for patent ... in a foreign patent office or any foreign patent agency ... if the invention was made in the United States and ... [n]o application on the invention has been filed in the United States." *See* 37 U.F.C. § 5.11(a).

Moreover, pursuant to 35 U.S.C. § 185, "any person, and his successors, assigns, or legal representatives, shall not receive a United States patent for an invention if that person ... shall, without procuring the license prescribed in section 184 of this title, have made ... application in a foreign country for a patent ... in respect of the invention.   A United States patent issued to such person, his successors, assigns, or legal representatives shall be invalid, unless the failure to procure such license was through error and without deceptive intent ...."

As Ki Il Kim had filed two patent applications in the Republic of Korea prior to filing the '108 application (when the two Korean patent applications that Ki Il Kim admitted contained material equivalent to that disclosed and claimed in the '108 application), Ki Il Kim filed with the PTO a "Petition Under 37 C.F.R. 5.25 For Retroactive License" and supporting "verified declaration" concurrently with the filing of the '108 application.

According to 37 C.F.R. § 5.25, "[a] petition for retroactive license under 35 U.S.C. § 184 ... shall include ... [a] verified statement (oath or declaration) containing:  (i) An averment that the subject matter in question was not under a secrecy order at the time it was filed ab[road], and

that it is not currently under a secrecy order, (ii) A showing that the license has been diligently sought after discovery of the proscribed foreign filing, and (iii) An explanation of why the material was filed abroad through error and without deceptive intent without the required license … first having been obtained." *See* 37 C.F.R. § 5.25.

In the "verified declaration" filed in support of his "Petition Under 37 C.F.R. 5.25 For Retroactive License," Ki Il Kim declared, in relevant part, as follows:

> "3.     That I filed patent applications in the Republic of Korea on March 7 and March 26, 1997 containing material equivalent to that in th[is] United States patent application …"
>
> ***
>
> "5.     That I have diligently sought to obtain this license after I was informed by my attorney, Irving Keschner, that such a license was required;
>
> 6.     That I received such information when I sought Mr. Keschner's assistance in preparing the corresponding United States patent application on or about April 23, 1997;
>
> 7.     That I personally had traveled to Korea on or about March , 1997 [sic] to, inter alia, file the patent applications in the Korean patent office; that at the time of my travel to Korea I was unaware of the prohibitions of 35 U.S.C. 184;
>
> 8.     That since Mr. Keschner first informed me of the requirement that a petition for retroactive license must be filed, I have authorized him to take the necessary steps to prepare the petition and submit it concurrently with the filing of the United States patent application."

Ki Il Kim concluded his "verified declaration" filed in support of his "Petition Under 37 C.F.R. 5.25 For Retroactive License," by stating that "these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon."

Subsequently, on March 20, 2000, while the '108 application was still pending with the PTO, Ki Il Kim filed U.S. Patent Application Serial No. 09/531,356 ("the '356 application"). The '356 application was filed as a continuation-in-part application to the '108 application. The '356 application would eventually issue as the '120 patent (the patent-in-suit).

Prior to filing the '356 application, however, Ki Il Kim once again filed two patent applications in the Republic of Korea on October 15, 1999 and December 17, 1999, respectively, which, as subsequently admitted by Ki Il Kim, contained material equivalent to that disclosed and claimed in the '356 application. As with foreign applications filed prior to the '108 application, the present foreign applications filed prior to the filing of the '356 application constituted a violation of 35 U.S.C. § 184.

As during the prosecution of the '108 application, Ki Il Kim again filed a "Petition Under 37 C.F.R. 5.25 For Retroactive License" and supporting "verified declaration" concurrently with the filing of the '356 application.

In the "verified declaration" filed in support of his "Petition Under 37 C.F.R. 5.25 For Retroactive License," Ki Il Kim declared, in relevant part, as follows:

> "3.     That I filed patent applications in the Republic of Korea on October 15, 1999 … and on December 17, 1999 … containing material equivalent to material that is disclosed in this United States patent application;"
>
> ***
>
> "5.     That I have diligently sought to obtain this license after being informed that such a license was required in connection with this U.S. patent application;  and
>
> 6.     That I periodically travel to Korea and communicate by telephone from the United States Korea in connection with my business of designing and developing consumer products that can be manufactured in Korea for sale in the United States and elsewhere and, in that connection in the Fall of 1999 I had telephone conversations with Mr. Cho of Now Precision Company concerning development of the product that is the subject matter

of this U.S. patent application and that I became concerned that my proprietary information concerning the subject matter of this U.S. patent application might be revealed to others who, with or without Mr. Cho, might file one or more patent applications in Korea claiming the subject matter of this U.S. patent application as being their invention. Since Korea awards patents in the case of a conflict between separate applications to the application that was filed first, I filed the two Korean patent applications to protect my rights in Korea without knowing that my rights to a patent in the United States might be jeopardized by such filings."

As before, Ki Il Kim concluded his "verified declaration" filed in support of his "Petition Under 37 C.F.R. 5.25 For Retroactive License," by stating that "these statements were made with knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon."

Subsequently, on January 20, 2004, the "356 application issued as the '120 patent.

As outlined above, Ki Il Kim's "verified declaration" submitted to the PTO during the prosecution of the '356 application stating that "I filed the two Korean patent applications to protect my rights in Korea without knowing that my rights to a patent in the United States might be jeopardized by such filings," constituted an affirmative misrepresentation to the PTO.

Ki Il Kim was admittedly informed just three years earlier during the prosecution of the '108 application "of the prohibitions of 35 U.S.C. 184." As such, based on information and belief, Ki Il Kim was aware that "[a] license from the [PTO] under 35 U.S.C. § 184 is required before filing any application for patent … in a foreign patent office or any foreign patent agency… if the invention was made in the United States and… [n]o application on the invention has been filed in the United States." *See* 37 C.F.R. § 5.11(a).

Ki Il Kim's affirmative misrepresentation was of a material fact, as "any person, … shall not receive a United States patent for an invention if that person … shall, without procuring the license prescribed in section 184 of this title, have made … application in a foreign country for a patent … in respect to the invention.  A United States patent issued to such person … shall be invalid ...."  *See* 35 U.S.C. § 185(a).  As such, Ki Il Kim's affirmative misrepresentation was directly related to the patentability of the '356 application (and ultimately, the '120 patent).

Moreover, Ki Il Kim's affirmative misrepresentation of a material fact was made with an intent to deceive the PTO.  Ki Il Kim (and/or his attorney) was aware that "[a] petition for retroactive license under 35 U.S.C. § 184 … shall include … [a] verified statement (oath or declaration) containing: … [a]n explanation of why the material was filed abroad through error and without deceptive intent without the required license … first having been obtained."  *See* 37 C.F.R. § 5.25.  Pursuant to 35 U.S.C. § 185, without such an "explanation of … error," the '365 application would not issue as a United States patent.

Accordingly, Ki Il Kim's "verified declaration" stating that "I filed the two Korean patent applications … without knowing that my rights to a patent in the United States might be jeopardized by such filings," when Ki Il  Kim was admittedly informed just three years earlier during the prosecution of the '108 application "of the prohibitions of 35 U.S.C. 184," and when Ki Il Kim was aware that the '365 patent application would not issue as a United States patent without an "explanation of … error," shows that Ki Il Kim intended to deceive the PTO into accepting his "Petition Under 37 C.F.R. 5.25 For Retroactive License," and thereafter allowing the '120 patent.

Thus, Ki Il Kim, the named inventor of the '120 patent, made an affirmative misrepresentation of material fact with an intent to deceive the PTO during the prosecution of the

application that would eventually issue as the '120 patent.  As such, Ki Il Kim committed inequitable, and the '120 patent is therefore unenforceable.

## Sixth Defense

### (Prosecution History Estoppel)

Because of proceedings in the PTO during the prosecution of the applications which resulted in the '120 patent, as shown by the prosecution history thereof, Minerva is estopped from asserting a construction of the '120 patent that would cause any valid claim thereof to cover or include any products that are or have been manufactured, used, sold or offered for sale by Defendants either literally or under the doctrine of equivalents.

Minerva is estopped by reason of prosecution history estoppel from asserting infringement by Defendants of the '120 patent under the doctrine of equivalents.

## Seventh Defense

### (Bad Faith)

Minerva has brought this suit in bad faith making it an exceptional case, thereby entitled Defendants to their costs and attorneys fees pursuant to 35 U.S.C. § 285.

## Eighth Defense

### (No Irreparable Harm)

Minerva is not entitled to injunctive relief against Defendants because any alleged injury to Minerva would not be immediate or irreparable, and Minerva would have an adequate remedy at law.

## COUNTERCLAIM

Defendants allege as follows:

**PARTIES**

1.      Motorola, Inc., is an Illinois corporation having its principal place of business at 1303 E. Algonquin Road, Schaumburg, Illinois.

2.      Nokia Inc. is a Delaware corporation having its principal place of business at 6000 Connection Drive #18-931, Irving, Texas.

3.      Samsung Telecommunications America LLC is a Delaware limited liability company having its principal place of business at 1301 E. Lookout Drive, Richardson, Texas.

4.      Kyocera Wireless Corp. is a Delaware corporation having its principal place of business at 10300 Campus Point Drive, San Diego, California.

5.      LG Electronics MobileComm U.S.A., Inc., is a California corporation having its principal place of business at 10101 Old Grove Drive, San Diego, California.

6.      HTC America, Inc., is a Texas corporation having its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington.

7.      Alltel Communications, Inc., is a Delaware corporation having its principal place of business at One Allied Drive, Little Rock, Arkansas.

8.      AT&T Mobility, LLC, is a Delaware limited liability company having its principal place of business at 5565 Glenridge Connector, Atlanta, Georgia.

9.      Dobson Cellular Systems, Inc., is an Oklahoma corporation having its principal place of business at 14201 Wireless Way, Oklahoma City, Oklahoma.

10.     HELIO LLC is a Delaware corporation having its principal place of business at 10960 Wilshire Boulevard, Suite 600, Los Angeles, California.

11.     MetroPCS Wireless, Inc., is a Delaware corporation having its principal place of business at 8144 Walnut Hill Lane, Suite 800, Dallas, Texas 75231.

12.    T-Mobile USA, Inc., is a Delaware corporation having its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006.

13.    TracFone Wireless, Inc., is a Delaware corporation having its principal place of business at 9700 NW 112th Avenue, Medley, Florida 33178.

14.    Virgin Mobile USA, LP, is a Delaware limited partnership having its principal place of business at 10 Independence Boulevard, Warren, New Jersey 07059.

15.    On information and belief, Minerva Industries, Inc. ("Minerva"), is a California corporation with its principal place of business at 255 S. Grand Avenue, Suite 2004, Los Angeles, California 90012. As the Plaintiff in this case, Minerva may be served with a copy of this Counterclaim by serving this document in accordance with Federal Rule of Civil Procedure 5.

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 2202-2202, 1338, and 1331. A real, immediate, and justiciable controversy exists between Minerva and Defendants. The controversy relates to the invalidity and non-infringement of United States Patent No. 6,681,120. Minerva has accused Defendants of infringing this patent.

17.    Minerva is subject to personal jurisdiction and venue in the Eastern District of Texas by virtue of its contacts with the State of Texas and this District in particular. As the Plaintiff in this case, Minerva has consented to the jurisdiction and venue of this Court.

## DECLARATORY JUDGMENT

1.    Defendants incorporate by reference each preceding allegation as though expressly stated herein.

2.    The claims of the '120 patent are invalid for failing to comply with the conditions and requirements of patentability as set forth in the United States Patent Laws, Title 35 U.S.C.,

including specifically §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

3.    Defendants' products do not infringe any valid claim of the '120 patent.

4.    Accordingly, Defendants seek a declaratory judgment under 28 U.S.C. §§ 2201-2202 that their products do not infringe any valid claim of the '120 patent.

### ATTORNEYS' FEES AND COSTS

1.    Defendants incorporate by reference each preceding allegation as though expressly stated herein.

2.    Defendants are entitled to a declaration that this case is "exceptional" within the meaning of 25 U.S.C. § 285, entitling Defendants to an award of their reasonable and necessary attorneys' fees, expenses, and costs incurred in this case.

### JURY DEMAND

1.    Defendants demand a trial by jury on all issues so triable.

### DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following relief:

A.    A judgment that United States Patent No. 6,681,120 is invalid;

B.    A judgment that United States Patent No. 6,681,120 is not infringed by any defendant;

C.    A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285;

D.    An award of Defendants' reasonable and necessary attorneys' fees, expenses, and costs incurred in this action;

E.    Dismissal with prejudice of and a take nothing judgment on Plaintiff's Complaint and Demand for Jury Trial; and

F.    All such other and further relief as the Court deems just and proper.

Dated:  March 31, 2008

Respectfully submitted,

s/ *Fred I. Williams*
Steven M. Zager, *Lead Attorney*
State Bar No. 22241500
szager@akingump.com
Fred I. Williams
State Bar No. 00794855
fwilliams@akingump.com
Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002
Telephone: 713.220.5800
Facsimile:  713.236.0822

Jin-Suk Park *(pro hac vice)*
jspark@akingump.com
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
Telephone: 202.887.4000
Facsimile:  202.887.4200

Todd E. Landis
State Bar No. 24030226
tlandis@akingump.com
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201
Telephone: 214.969.2800
Facsimile:  214.969.4343

ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

John Flaim
State Bar No. 00785864
john.flaim@bakernet.com
William D. McSpadden
State Bar No. 24002587
william.d.mcspadden@bakernet.com
Baker & McKenzie LLP
2001 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone:  214.978.3000

Attorneys for Alltel Communications, Inc.

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Potter Minton
110 N. College
Tyler, TX 75702
Telephone:  903.597.8311

Attorneys for Defendant Motorola, Inc.

Carl R. Roth
State Bar No. 17312000
cr@rothfirm.com
The Roth Law Firm
115 N. Wellington, Suite 200
Marshall, TX 75670
Telephone:  903.935.1665

Attorneys for Defendant Nokia Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on the 31st day of

March, 2008, in compliance with Local Rule CV-5(a) and has been served on all counsel who

have consented to electronic service and all other counsel by U.S. First Class Mail.

*s/ Fred I. Williams*
Fred I. Williams